# People, etc., ex rel. Chicago General Railway Company v. Samuel B. Chase, Recorder, etc.

1. RECORDER'S FEES—*For Recording Plats.*—Where the land comprised within a plat is divided into separate pieces by lines and figures thereon, each piece may properly be counted as a parcel or tract in figuring the fee to be paid for recording such plat.

2. MANDAMUS—*Showing Required.*—The right to a writ of mandamus must be clear to warrant a court in granting this extraordinary remedy.

**Mandamus**, to compel the recording of a plat. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

## STATEMENT OF THE CASE.

Relator is a corporation organized under the laws of the State of Illinois for the purpose of operating street railway lines in the city of Chicago in Cook county, and as such laid its tracks in West Twenty-second street and across the right of way of the Chicago, Burlington & Quincy Railroad Company, thence across or on certain lots and into and along said West Twenty-second street again. As required by Section 9, Chapter 109, Revised Statutes, it caused a plat or map thereof showing the width, courses and extent thereof, and made thereon such reference to known and established corners or monuments that the location thereof might be ascertained, and took such plat to the recorder of deeds of Cook county, and tendered it to him to be recorded in his office. The recorder, making no objection to the plat, offered to record the same upon the payment by the relator of the sum of $5.05, and refused to record it without the payment of that sum, whereupon relator tendered $1.39 in full payment of recorder's fees, which tender was rejected.

Relator then filed its petition for a writ of mandamus to compel the recorder to receive and record the plat.

The following is a true copy of the plat in question:

JESSE B. BARTON, attorney for appellant.

FRANK L. SHEPARD, Assistant County Attorney, attorney for appellee; ROBERT S. ILES, County Attorney, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Section 2 of an act in force March 2, 1874, as to fees in counties of the third class, is as follows:

"FEES OF RECORDER OF DEEDS.

For recording any deed or other instrument in writing, for every one hundred words, eight cents, and twenty-five cents for the certificate of the recorder of the time of filing the deed or instrument for record, and the book and page of the record.

For recording maps or plats of additions, subdivisions, or otherwise, for each tract, parcel or lot contained therein, eight cents, and twenty-five cents for the certificate of the time of filing the same for record, and the book and page of the record thereof."

We have been favored with an argument by counsel for appellant in which it is contended that the only fee properly chargeable in connection with recording this plat is twenty-five cents.

The question presented to us is whether the Superior Court should have issued a writ of mandamus upon the showing that the recorder had, upon tender of $1.39, refused to record the plat.

From an examination of the plat, we do not think it is clear that the fee fixed by law for recording this plat is not more than $1.39. The plat contains several hundred words, for recording which a fee of eight cents per hundred is prescribed.

A parcel is a portion of anything taken separately, a fragment of a whole—in law, a part, a portion, a piece.

A tract, as applied to land, is an area, or a region of land or water of indefinite extent.   Webster's Dictionary.

The terms " tract " and " parcel" may properly be applied

to a quarter section, a half section or a section of land. Martin v. Cole, 38 Iowa, 141.

A part of an estate may be described as a parcel. 1 Comyn's Dig., Abatement (H. 51), Grant (E. 10).

The land comprised within the plat is by lines and figures thereon divided into separate tracts, each of which may properly be termed a parcel or tract. The number of these is such that it is not clear that $1.39 is the entire fee allowed by law for recording the instrument in question.

The right to a writ of mandamus must be clear to warrant a court in granting this extraordinary remedy. High on Extraordinary Remedies, Sec. 10.

The recorder does not refuse to record the plat; he merely insists upon a larger fee than the petitioner thinks is lawful. It does not appear that the petitioner is unable to pay this fee, or will be put to serious inconvenience in doing so. If the recorder exact an illegal fee, the remedy of the petitioner, if he pay the same, is clear. Sections 213 and 214, Chapter 38, Revised Statutes.

The judgment of the Superior Court is affirmed.