Community Unit School Dist. No. 1 of Marshall, LaSalle and Livingston Counties, Ill., et al., Plaintiffs-Appellants, v. County Board of School Trustees of Woodford County, Ill., County Board of School Trustees of Marshall County, Ill., Community Unit School Dist. No. 108 of Woodford, LaSalle, Marshall and Livingston Counties, Illinois, et al., Defendants-Appellees.

Gen. No. 10,975.

Second District.

November 5, 1956.

Released for publication November 23, 1956.

Berry & O'Conor, of Streator, for plaintiffs-appellants.

Isadore I. Leiken, of Minonk, for defendants-appellees.

JUSTICE EOVALDI delivered the opinion of the court.

This is an appeal from an order of the Circuit Court entered on February 16, 1956, in a suit brought under the Administrative Review Act. The proceeding was commenced as a petition filed with the County Board of School Trustees of Woodford County, Illinois, and the County Board of School Trustees of Marshall County, Illinois, for the detachment of 850 acres of

land from Community Unit School District No. 108 (hereinafter referred to as the Minonk School District) and the annexation of that land to Community Unit School District No. 1 (hereinafter referred to as the Wenona School District). The County Board of School Trustees of Woodford County, and the County Board of School Trustees of Marshall County, each denied the petition. A change of boundaries required the concurrent action of both Boards of School Trustees. The Petitioner, Wenona School District, and certain of the residents of the Wenona School District territory, filed suit for review in the Circuit Court of Woodford County. That court on February 16, 1956 entered an order affirming the decisions of the County Boards of School Trustees denying the change of boundaries.

Plaintiffs' theory of the case is that the petition was signed and presented to the County Boards of School Trustees by Melvin H. Matter, Phyllis Matter, Raymond Matter, Rosena Matter, Herman Matter, John J. Loftus and Anna G. Barclay, being all of the legal voters residing in the territory involved; that all legal requirements for the petition were complied with and the record contained no evidence that would justify the County Boards of School Trustees in denying the boundary change; that plaintiffs made out a prima facie case by showing that the petitioners were all of the legal voters in the territory; that the territory was contiguous to the Wenona School District, and that they requested the change of boundaries; that defendants presented no evidence which would constitute a reason for denying the petition; and that consequently the decisions of the County Boards of School Trustees, and the order of the Circuit Court of Woodford County affirming same, were not based on any substantial evidence in the record, and were manifestly against the weight of the evidence.

The theory of the defendants-appellees is that the orders of the County Boards of School Trustees were in all respects in accordance with the law and the facts; that there had been a full and complete compliance with the provisions of par. 4B—4, chap. 122, Ill. Rev. Stat., 1955; that the orders of said County Boards of School Trustees were not arbitrary, were not unreasonable, and were not against the manifest weight of the evidence and said orders were properly affirmed by the Circuit Court.

Article 4B–5 of the School Code (Ill. Rev. Stat., 1955, Chap. 122, par. 4B—5) provides for review of decisions of the County Boards of School Trustees in accordance with the provisions of the "Administrative Review Act," and provides further that "the decision of the county board of school trustees shall be deemed an 'administrative decision' as defined in Section 1 of the 'Administrative Review Act' ", (Ill. Rev. Stat. 1955, Chap. 110, pars. 264 et seq.), the latter act providing (par. 274, sec. 11, Scope of review) as follows:

"The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."

██ The changing of boundaries of a school district is a legislative act, and in performing this function the county board of school trustees is acting as an agent of the legislature. Sec. 1, Article VIII, Constitution of Illinois, 1870; Chap. 122, pars. 4B—1 et seq., Ill. Rev. Stat. 1955; People v. Deatherage, 401 Ill. 25; Husser v. Fouth, 386 Ill. 188. The findings of an administrative agency are deemed to be prima facie correct and the court is not authorized or privileged to substitute its judgment for that of the agency unless the findings of the agency are not supported by substantial evidence. Produce Terminal Co. v. Commerce Com. ex rel. Peoples Gas Light & Coke Co., 414 Ill. 582; Dept. of Public Works v. Lewis, 411 Ill. 242; Mohler

v. Department of Labor, 409 Ill. 79; People ex rel. Loughry v. Board of Education of Chicago, 342 Ill. App. 610; Stehl v. County Board of School Trustees, 7 Ill.App.2d 257; Kinney v. County Board of School Trustees, 7 Ill.App.2d 286. This is particularly true where the administrative body is vested with discretion in making a determination. Smith v. Board of Education, 405 Ill. 143; People ex rel. Loughry v. Board of Education, supra.

 Par. 4B-4 of the School Code, provides that the county board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted. More than personal desires or convenience is needed to warrant a change in established school districts boundaries, and the welfare of affected districts and pupils as a whole must control. Trico Community, etc. v. County Board, etc., 8 Ill.App. 2d 494.

There are no children of school age residing within the area—the 850 acres of land sought to be detached. Considerable litigation has been had, and Petitions filed, and elections held, concerning portions of the area involved in this appeal. This territory has an assessed valuation of $185,850. A part of the land, consisting of 160 acres referred to as the Matter farm, had previously been annexed to the Minonk School District on September 26, 1950 on a petition filed by Melvin Matter, Rosena Matter and Herman Matter so that a daughter then in school could attend the Minonk High School. Those petitioners are three of the seven

signers of the petition herein and are all plaintiffs in this cause.

The remainder of the territory involved in this petition, except for a short period of time, had previously been a part of the Rutland, Illinois, Grade and High School Districts. Rutland is located approximately half way between Minonk and Wenona on U. S. Route 51. The territory in question extends a mile and one-half north and south, and a mile east and west. The northwest corner of the territory is one mile east and a half mile north of the Village of Rutland. The southern boundary of the territory is one mile south and one and a half miles east of the Village of Rutland. The center of the territory involved therein is substantially the same distance from Minonk and Wenona and is one and a half miles from Rutland.

In the early Spring of 1955 the Rutland Grade and High School Districts were annexed to the Wenona School District and in June of the same year a portion of the territory so annexed in the Spring was detached from Wenona School District and annexed to the Minonk School District. The territory so detached from Wenona and annexed to Minonk, including the land in question except the Matter farm, had an assessed valuation of about 60% of the total valuation of the former Rutland Grade and High School Districts and the territory contained 88% of the student population of the former Rutland Grade and High School Districts.

The Minonk Unit District operates a grade school in Rutland, which serves the grade school students in that area and is available for any students living in the area sought to be detached. There were in the original Rutland School Districts, 105 elementary students and 25 high school students. In that part of the former Rutland School Districts which were annexed to Minonk in June of 1955, there are 93 elementary

school students and 22 high school students. The above facts and statistics were presented in evidence before the County Boards of School Trustees of Woodford and Marshall Counties.

Evidence was also presented by the defendants as to the per capita cost of operating the Rutland School and the effect of the proposed detachment on such costs. Defendants also presented evidence showing that historically the territory in question supported the Rutland Schools, and that the Rutland Grade School served this area with approximately 100 children enrollment and still needed the support of this territory.

No evidence was presented by appellants before the County Boards of School Trustees, as to the educational welfare of any pupils who might later reside in this area. Appellants admit that Minonk operates a grade school and there is little difference in educational advantages between the two schools. Several witnesses testified in behalf of the parties at the hearings before the County Boards of School Trustees, and present counsel for the appellants appeared in their behalf at such hearings.

The orders entered by the County Boards of School Trustees of both Woodford and Marshall Counties recites as follows:

"And the County Board of School Trustees, having heard evidence as to the school needs and conditions of the districts affected by the proposed boundary changes; and as to the ability of these districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction; and having taken into consideration whether it is to the best interests of the schools of the districts and the educational welfare of the pupils that such changes in boundaries be granted; . . .

"It is therefore, ordered decreed that the petition be and it is hereby denied."

█ On the facts appearing in this case, we cannot say that the decisions of the County Boards of School Trustees of Woodford and Marshall Counties are against the manifest weight of the evidence. The findings and decisions of those bodies in denying the petitions are supported by the evidence and are within the authority of said boards. They should not, therefore, be disturbed by this court.

The judgment of the Circuit Court in affirming the decisions of the County Boards of School Trustees is affirmed.

Judgment affirmed.

DOVE, P. J. and CROW, J., concur.