Russel P. Krupp, et al., Petitioners-Appellees, v. W. James Taylor, et al., Objectors-Appellants.

Term No. 58–O–15.

Fourth District.

January 31, 1959.

Rehearing denied February 25, 1959.

Released for publication February 27, 1959.

Lindauer, Lindauer, Pessin & Nieman, of Belleville, for objectors-appellants.

Dan McGlynn, of East St. Louis, and Otis E. Guymon, of Belleville, for petitioners-appellees.

JUDGE SCHEINEMAN delivered the opinion of the court.

This appeal involves a proceeding in the County Court on a petition for the annexation of two tracts of land on opposite sides of the Village of Swansea, filed under the provisions of the Annexation Act, Ill. Rev. Stat. Ch. 24, Sec. 7—1 to 7—6. Numerous objections were heard and disposed of and the petition (subject to certain deletions) was approved by the court, and by the subsequent action of the municipal authorities of the Village, and by a referendum in the incorporated Village. There was no election in the territory to be annexed.

The grounds urged for reversal are: 1, That the statute does not provide for the annexation of two separate territories or tracts in the same petition; 2, That the proceeding was void because filed with the Clerk of the County Court instead of the County Clerk as required by the law; 3, That the notice by publication carried the names of only nine persons as petitioners, whereas there were many more signers, and there were hundreds of electors and property owners of record in the tracts described; 4, That the County Judge erred in refusing to provide for an election in the areas to be annexed.

█ The last three points are easily disposed of as having no merit. The County Clerk and Clerk of the

284

County Court are the same person, in the same office, and if the document was marked filed with the wrong file stamp, the mistake is too trivial to be regarded as serious. The petition is to be heard in the County Court, so that it is natural it should be filed with the clerk thereof, and that is probably what the statute was intended to mean, since the clerk of the court is often called County Clerk by lawyers as well as laymen.

■ The statute directs that the notice of publication shall "state that a petition for annexation or ordinance, as the case may be, has been filed, and give the substance thereof, including a description of the territory to be annexed, the name of the annexing municipality, and the date fixed for the hearing." There is no requirement that the names of all or any of the signers be published. The notice is not abstracted and therefore other objections to the form will not be considered.

■ The statute provides for two methods of annexation, 1, a petition signed by a majority of the owners of record of land in the territory, and a majority of electors therein, or, 2, by ordinance adopted by the municipality followed by an election thereon in the territory. This alternative method was added by amendment in 1955; the first method existed before that, and did not provide for such an election. It is clear that the requirement for an election applies only to the second alternative, since a signer of a petition is prohibited from withdrawing his name without the consent of the other signers. This provision would be nullified if an election were held in the territory, thus permitting a signer to withdraw his support by his secret ballot. The County Court correctly ruled against calling an election in the territory.

■ The principal point is a more difficult problem, which seems to be whether the word "territory" means "a tract of land" (which is one dictionary definition)

285

or any number of tracts wholly disconnected from each other. In considering this question we have examined the whole statute to observe its apparent purpose and intent, to the end that one word shall not be taken out of context and given a meaning which produces an incongruous result, inconsistent with the apparent purposes.

■ Thus considering the whole statute, one of the aims and purposes that stands out, is the plain intent that property cannot be annexed against the will of its inhabitants. If the proposed annexation is begun by a municipal ordinance, there must be an election in the territory. If begun by petition, it must be signed both by a majority of electors in the territory, and by a majority of the owners of record of land therein. With certain specified exceptions, no tract of ten acres or more can be brought in by the ordinance method without the consent of the owner.

If the result in this case is approved, then whenever a populous area adjacent to a municipality desires annexation, the municipality may force in other wholly disconnected tracts of small population, against the will of the inhabitants, by simply joining all the tracts in one ordinance, so that the populous area can outvote the others. The same result could be obtained by the petition method. Whether or not this is desirable, it does seem quite inconsistent with the complete local control intended by the legislature.

Other provisions of this statute present even more cogent reasons against this procedure. Section 7—3 states the permissible objections to annexation, one of which is that the objector's property is "on the perimeter of the territory, that he does not desire annexation, and that exclusion of his land will not destroy contiguity of the property." Upon such facts this objection must be sustained and the property excluded.

If an owner of property on the perimeter of a territory cannot be forced into annexation against his will,

it is certainly inconsistent to say that another owner clear outside of the perimeter can be forced in along with that territory. Then there is the requirement above quoted that the exclusion of the one parcel of land will not destroy the *contiguity* of the remaining property. This clearly implies that the territory is a contiguous tract, for it would be anomalous to speak of destroying something which has never existed. The territory described in the petition in this case certainly cannot be considered as a contiguous tract.

■ For the reasons given, it is our opinion that the word, "territory," in this Annexation Act, contemplates a contiguous tract and that it was error to combine the two tracts and to count the signers as one group. Accordingly, the orders of the County Court on this proceeding are reversed and the proceedings hereby declared void.

We are not unmindful of the fact that another appellate district court has construed the word "territory," in the case of Streator Township High School Dist. No. 40 v. County Board of School Trustees of Livingston County, 14 Ill.App.2d 251, 144 N.E.2d 531, holding that it may include two tracts. However, in that case the court was considering the School Code. Ch. 122, Sec. 4 B—2, Ill. Rev. Stat. We express no opinion on that type of situation, which is not before us, except to point out that there are many situations under the School Code in which property may be attached or detached to districts against the desires of the inhabitants where the good of the school district appears to require such action. Community Unit School Dist. No. 1 v. County Board of School Trustees, 11 Ill.App.2d 561; Trico Community Unit School Dist. No. 176 v. County Board of School Trustees, 8 Ill.App.2d 494.

Reversed.

BARDENS, P. J. and CULBERTSON, J., concur.