In the Matter of the Petition for Annexation of Territory in the County of Kankakee, State of Illinois, to the Village of Bradley, Being Territory Bounded on the West by Vasseur Avenue, on the East by the Line of the Illinois Central Railroad Company and on the South by the City Limits of the City of Kankakee, Illinois.

Laura Kryznowski, et al., Petitioners-Appellees, v. Bernard Benoit, Objector-Appellant, and City of Kankakee, Illinois, a Municipal Corporation, Objector-Appellee.

Gen. No. 11,488.

Second District, Second Division.

May 6, 1961.

Rehearing denied June 5, 1961.

Wayne P. Dyer, of Kankakee, for appellant.

Bissonnette & Nutting, of Kankakee, for appellee.

SPIVEY, J.

This appeal arises from an order of the County Court of Kankakee County finding a petition for annexation to conform to Article VII of the Revised Cities and Villages Act, (Chap. 24, Sect. 7–1 et seq., Ill. Rev. Stat. 1957), and directing the question of annexation be submitted to the corporate authorities for final action.

The petition filed pursuant to Sect. 7–2, described the territory by metes and bounds and asked that it be

annexed to the Village of Bradley, Illinois. The petition further alleged the territory is not within the boundaries of any city, village, or incorporated town; is contiguous to the corporate limits of the Village of Bradley; and that petitioners represent a majority of owners of record of land in said territory, owners of record of more than fifty percent of the land in said territory, and a majority of electors residing in said territory.

The petition was signed by 269 persons, some of whom described themselves as owners of land within the territory described in the petition, some of whom described themselves as electors residing in such territory, and some of whom described themselves as both owners and electors. In each case the signer set forth in the petition the property owned, or resided upon by lot and block description. The signatures of four additional petitioners were affixed to the petition by authorized persons other than themselves.

The petition was supported by the affidavits of three of the petitioners stating that the signatures attached constitute a majority of owners of record of land in the territory, owners of record of more than fifty percent of said land, and the signatures constitute a majority of the electors residing in the territory described in the petition.

Appellant-objector, Bernard Benoit, filed his objections to the petition stating, (1) the petition is not signed by the requisite number of electors or property owners of record, (2) the description of the territory is inadequate, and (3) the described territory includes lands within the City of Kankakee.

The City of Kankakee also filed its objection to the petition alleging that the territory described in the petition included certain lands within the City of Kankakee, that said lands are located on the perimeter of the described territory, and requesting that

said lands be excluded from any order of annexation if entered as provided for by Subsection (4) of Sect. 7–3.

On January 2, 1960, a hearing was had upon the petition and objections thereto. Following the provision of Sect. 7–4, the court, prior to hearing evidence on the validity of the annexation petition, heard the objection of the City of Kankakee relative to its lands located on the perimeter of the territory to be annexed and found the objections to be valid and ordered the petition "be amended therewith". The court then called for a hearing on the objections of Bernard Benoit. The petition as amended by order of court was offered in evidence and received without objection.

A stipulation of facts was entered into by the parties which provided inter alia, (1) Territory described in the original petition—2,625,326 square feet, (2) Land owned by persons who signed the original petition—948,288 square feet, (3) Land owned by four persons whose names were affixed to the petition by others—15,893 square feet, (4) all streets and highways within the territory described in the original petition—742,272, and (5) land (streets) included in the original petition previously annexed to the City of Kankakee—346,485 square feet.

Based upon the verified petition for annexation, the objections, and the stipulation of facts, the court ordered that the territory included in the original petition located within the City of Kankakee be excluded from the territory to be annexed, that the objections of Bernard Benoit to the original petition be overruled and denied, that the petition for annexation is valid, that the territory to be annexed is that described in the original petition excluding therefrom the lands of the City of Kankakee, and that the question of annexation be submitted to the corporate authorities for final action in accordance with the statute.

It is first contended by appellant that the original petition did not confer jurisdiction upon the County Court. In this respect it is said the petition is fatally defective in that it included lands within the corporate limits of the City of Kankakee. Further, it is suggested that the original petition being void because of this inclusion, that the County Court was powerless to permit any amendment of the original petition.

Jurisdiction is conferred upon the County Court by the filing of a verified petition that complies to the requirements of Sect. 7–2 of the Act.

Sect. 7–4 contemplates the hearing of evidence on the question of the validity of the petition after first hearing and determining any objections under sub-section (4) of Sect. 7–3 relating to lands located on the perimeter of the proposed territory which the objector does not desire to be annexed. Sect. 7–4 further provides that if the court finds the objections valid it shall order the petition to be amended to eliminate such perimeter lands from the territory to be annexed.

Sec. 7–4 then provides, "Thereafter upon this hearing the *only matter for determination shall be the validity of the annexation petition* . . . All petitions shall be supported by an affidavit of one or more of the petitioners, . . . that the signatures of the petition represent a majority of the property owners of record and the owners of record of more than 50% of the land in the territory described and a majority of the electors of the territory therein described. Petitions so verified shall be accepted as prima facie evidence of such facts. If the court finds that (1) the annexing petition is not signed by the requisite number of electors or property owners of record; or (2) that the described property is not contiguous to the annexing municipality; or (3) that the description is materially defective; or (4) that the petition or or-

395

dinance, . . . is otherwise invalid, the county court shall dismiss the petition or ordinance . . . .

"But if the court finds that the petition is valid, the court shall (1) enter an order describing the territory to be annexed, (2) find the petition conforms to this Act, and (3) direct that the question of annexation be submitted to the corporate authorities of the annexing municipality for final action. . . ." (Emphasis supplied)

Appellant points out that Sect. 7–1 in effect prohibits the annexation of lands within the corporate limits of any municipality.

While this section prohibits the entry of an order including lands within a municipality, yet we fail to see where the inclusion of such lands in the original petition would in itself emasculate the jurisdiction of the County Court so long as those lands are excluded from the proposed territory prior to the hearing on the validity of the petition as in the instant case.

Sect. 7–4 permits of amendment to eliminate perimeter lands regardless of reason so long as the exclusion will not destroy its contiguity with the annexing municipality. Such was the result in the instant case.

Appellant contends that the lands (streets) of the City of Kankakee were not such perimeter lands as contemplated by Sects. 7–3 and 7–4.

While we do not agree with this contention, however, if it were sound, the Civil Practice Act would control in all matters of procedure wherein the special statute is silent, Chap. 110, Sec. 1, Ill. Rev. Stats. 1957, and would permit amendment of the petition, Chap. 110, Sect. 46, Ill. Rev. Stat. 1957.

In a case involving a disconnection proceeding under the same Article VII of the Revised Cities and Villages Act, the court held that in matters of procedure not covered by that act the Civil Practice Act

396

would apply. First National Bank v. Village of South Pekin, 303 Ill. App. 269, 25 N.E. 2d 87.

■ It is further suggested that the record fails to disclose an actual amendment to the petition was made and filed.

At the hearing, prior to inquiring into the validity of the petition, the court having found the objection of the City of Kankakee to be valid, ordered that the "Petition be amended *therewith*."

Websters New International Dictionary, Second Edition (Unabridged) defines "therewith" as "With that."

We interpret the order to mean, that upon finding the exclusion valid, that "with that" finding the petition was so amended.

We suggest another compelling reason for treating the original petition as amended by the utterance of the court.

This petition, as in most like cases, was signed by 269 persons. To compel the circulation for signature of an amended petition would add nothing to the clarity of the pleadings. Then too, the order of annexation, after finding the petition to be valid, requires the court to describe the territory to be annexed. Sect. 7–4.

The order of annexation described the territory to be annexed as that contemplated by the amendment.

Appellant cites, Soldiers Creek Drainage Dist. v. I. C. R. R. Co., 323 Ill. 350, 154 N.E. 153, Aldridge v. Clear Creek Drainage Dist., 253 Ill. 251, 97 N.E. 385, and Drummer Creek Drainage Dist. v. Roth, 244 Ill. 68, 91 N.E. 63, to sustain his position that the instant petition does not confer jurisdiction upon the County Court in the first instance.

In the Aldridge case the petition on its face failed to allege a description of the starting point, route and terminus of the work as required by Section 2 of the Levee Act.

397

In the Drummer Creek case, the description of the territory was so inadequate that it could not be ascertained if the requisite number of signatures were affixed to the petition.

In the Soldiers Creek case the stipulation conclusively showed that the original petition lacked the signatures of one-third of the owners representing a major portion of the lands within the proposed district.

In the instant case the original petition on its face fully complied with the requirements of Sect. 7–2 and was prima facie evidence of such requirements pursuant to Sect. 7–4. With this, jurisdiction was lodged in the County Court to determine, upon a hearing, the validity of the petition.

Appellant next contends that the petition lacks the signatures of the owners of record of more than 50% of the land in the territory described in the petition as required by Sect. 7–2.

Sect. 7–4 provides, "Petitions so verified shall be accepted as prima facie evidence of such facts."

To overcome this prima facie case made by the verified petition appellant relies upon the stipulation of facts and the testimony of one Edward J. Moersch.

Moersch testified he made certain calculations from a plat as to the area of the entire territory including the area of the streets. He also calculated the area of the petitioner's lots without regard to the abutting adjacent streets. In the main, this testimony with some variations, was incorporated in the stipulation of facts.

Stated in its simplest form the stipulation, insofar as this opinion requires, shows, after excluding from the territory the lands within the City of Kankakee, that the area of the territory to be annexed contains 2,278,841 square feet, the streets within the same territory contain 395,787 square feet, and the combined

area of the lots of the petitioners who personally signed the petition contains 948,288 square feet. We interpret the stipulation, in view of the testimony of appellants' witness Moersch, to mean that the 948,288 square foot area owned by the signers of the petition was that of the lots owned by the signers without regard to the area of the abutting adjacent portion of the streets to the respective lots. Appellant contends to the contrary.

Appellees assert that the area of the streets abutting and adjacent to their respective lots should be included in the area when computing the square footage of the land owned by the petitioners. While it is not clear, it is apparent that they are proceeding on the theory of a common law dedication of the streets represented by the plats in evidence.

Appellants on the other hand argue that the dedication is statutory and that the fee in the streets rests in the municipality by virtue of Chap. 109, Sec. 3, Ill. Rev. Stat. 1957.

In Housing Authority v. Southwestern Bell Tel. Co. 387 Ill. 180, 56 N. E. 2d, 357, it was said, "If the streets and alleys came into public use through a common law dedication of the plat in which they were laid out, then the title remained in the abutting property owners subject to the easement of the public to use them. . . . On the other hand, if the streets and alleys came into public use by the city's acceptance of a statutory dedication of the plat, then the city's title to the streets and alleys was that of a base or determinable fee subject to be defeated whenever such streets and alleys cease to be used by the public."

We have examined the record in an effort to determine the nature of the dedication and have concluded that it does not support the theory of a statutory dedication. Except for the plats in evidence, the record is silent as to the other requirements of Chapter 109 to complete and effectuate a statutory dedication.

While the record appears to support a common law dedication, we do not choose to speculate as to whether the acts of the owner in addition to the preparation of the plat constitute a common law dedication.

Neither has it been shown that the area of the streets abutting and adjacent to the petitioners' lots would not be sufficient, when added to the area of the petitioners' lots, to amount to over 50% of the territory to be annexed.

■ We conclude that the objectors failed to overcome the prima facie case made by the verified petition for annexation in not proving the title to the area of the streets and the square footage of the lands represented by the streets adjacent to and abutting the lots of the signers of the petition.

For the reasons stated we find the verified petition to be valid and the order of the County Court to be fully sustained by the record.

The order of the County Court of Kankakee County is affirmed.

Affirmed.

CROW, P. J. and WRIGHT, J., concur.