*In re* PETITION OF THE TOWN OF NORMAL FOR ANNEXATION OF CERTAIN TERRITORY—(THE TOWN OF NORMAL, Petitioner-Appellee, *v.* ELLIS HARTER *et al.*, Objectors-Appellants.)

(No. 11392; )

Fourth District—May 16, 1972.

Costigan & Wollrab, of Bloomington, (Robert W. Neirynck, of counsel,) for appellants.

Thomson, Thomson & Mirza, of Bloomington, (Leon J. Zanoni, of counsel,) for appellee.

DePew, Grimes & DePew, of Bloomington, (Joseph W. DePew, of counsel,) *amicus curiae.*

Mr. JUSTICE SMITH delivered the opinion of the court:

One of the ways for a city to annex contiguous land volitionally, so to speak, is to enact an ordinance to that effect. This method is more circumscribed than by the so-called petition route where owners of contiguous land seek to be annexed. The statutory basis for annexation by ordinance is Ill. Rev. Stat. 1969, ch. 24, par. 7—1—2, which reads, so far as we are concerned:

"* * * the corporate authorities of any such municipality may initiate the proceedings by enacting an ordinance expressing their desire to annex such described territory; provided, no tract of land in excess of 10 acres in area may be included in the ordinances of a municipality initiating the proceedings without the express consent of the owner thereof unless the said tract (1) *is subdivided into lots or blocks* or (2) *is bounded on at least 3 sides by lands subdivided into lots or blocks;* * * *."

Purportedly following this section the Town of Normal passed an ordinance for the annexation of a tract of land less than 10 acres but which was part of a larger single ownership area, or acreage or tract. The owners did not acquiesce, and, indeed, effect this appeal from the order of the circuit court permitting such annexation. Both parties agree that the exceptions to the proviso where the owner's consent need not be obtained in (1) and (2) above are not present. Nor is it disputed that the

less-than-10 acres-tract was carved out of a much larger tract of the joint owners.

The owners argue that this paragraph does not permit a municipality to carve out a piece of land of less than ten acres from a larger tract under one ownership and annex it by ordinance absent consent of the owner. Of course, for this argument to hold up, the meaning of "tract" must be read to mean something different from what is generally understood to be its meaning. "Tract" is a word of abstract space (field, territory, area, acreage, parcel) as opposed to specific space (region, county, city, congressional section or district, block, lot) or relative space (location, venue).

The few cases where the word is construed are not very helpful at least in our context. In *Illinois Central R.R. Co. v. Village of South Pekin*, 374 Ill. 431, 29 N.E.2d 590, "tract" was said to mean a piece of land capable of being described, and such was repeated in *People v. Ferris*, 18 Ill.App.2d 346, 152 N.E.2d 183. In *People v. Chase* (1897), 70 Ill.App. 42, "tract" was "an area or a region of land or water of indefinite extent". These sporadic constructions, as we have said, are not much help. The word here must have more meaning than in the cases cited, for, as the owners point out, if the word as used is but a definition of abstract space, then what is there to prevent a city from annexing, say, 100 acres under a single ownership, simply by carving out of it a tract of less than ten acres, annexing such, and then doing the same thing over and over again until the entire 100 acres has been annexed.

■■■ Legislative words are not inert and derive vitality from the obvious purposes at which they are aimed. It is our duty to find that interpretation which can most fairly be said to be embedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that the legislature manifested. Here, of necessity we must abandon literalism. The owners have furnished us with a bit of legislative history, the gist of which is that the bill as originally written did not contain the ten acre limitation but that such was thereafter added, in the form of a proviso—"provided, no tract of land in excess of 10 acres in area may be included in the ordinance of a municipality initiating the proceedings without the express consent of the owner thereof * * *". However, while legislative history can certainly be helpful in a given circumstance, the limitation here as drafted in the form of a proviso is quite enough in our opinion to divine purpose, which is, we think, to prevent tracts of land being annexed absent consent of the owner if a given tract of such owner exceeds ten acres—and, of course, does not fall within the exceptions to the proviso. On the other

hand, lesser areas under one ownership, *e.g.*, a tract—not in excess of ten acres in area—may be annexed, other pre-conditions being present, such as contiguity, whether such owner cares or not. This is what we think the legislature was driving at—what it hoped to effect—and the abstractness of the word "tract" as generally understood, should not frustrate us from achieving via construction and interpretation the patent purpose of this proviso as we have just defined it.

There is a danger, we must concede, in filling the text of a statute from its purposes—reading as we are a meaning into "tract" that is not generally there when standing alone. But as we have said many times before, text must be read in context and the context here is the legislative purpose. We lose sight of the forest for the trees if we were to say that "tract" means any and all acreages, areas, plots, fields, territories or parcels—indeed, tracts—which have as their sole and only identifying feature—less than ten acres. What we are doing in effect is judicially reading in a limited way the concept of ownership into "tract", and we are justified, we believe, because of the juxtaposition of the phrase "no tract of land in excess of 10 acres" with, "without the express consent of the *owner* thereof". It is not before us, but we posit the question rhetorically: Can nine parcels of one acre owned by nine people be considered one "tract" for the purposes of this section? Contrariwise, and more to the point, can a nine acre parcel which is part of a larger parcel, so far as ownership is concerned, be considered to be a tract of land not in excess of ten acres and therefore subject to annexation.

If we were to answer both of these questions in the affirmative, we would be reading "tract" much too literally. For us to read "tract" in its colloquial meaning is to shirk our duty, for by so doing, we must shun the purpose of this proviso, and our only excuse would be that the particular set of facts here was not foreseen in the sense that the words used were not more carefully chosen. As Judge Learned Hand once said in *Commissioner v. Ickelheimer*, 132 F.2d 660:

> "Compunctions about judicial legislation are right enough as long as we have any genuine doubt as to the breadth of the legislature's intent; and no doubt the most important single factor in ascertaining its intent is the words it employs. But the colloquial words of a statute have not the fixed and artificial content of scientific symbols; they have a penumbra, a dim fringe, a connotation, for they express an attitude of will, into which it is our duty to penetrate and which we must enforce ungrudgingly when we can ascertain it, regardless of imprecision in its expression * * * ."

We are referred to *In re Village of Buffalo Grove*, 128 Ill.App.2d 261,

261 N.E.2d 746, as authority for the contrary position, *i.e.*, that "tract" should be read as meaning a given space in the abstract, and that it is not for us to read delimitations into it, such as saying that "tract" means "an area of land under one ownership". They point out, quite correctly, that the only delimitation on "tract" is that it must be not in excess of ten acres—that the fact that a tract of less than ten acres is carved out of a larger ownership has no bearing for the simple reason that the legislature did not say so. And, *Village of Buffalo Grove* would seem to support this concept where the petition form of annexation is utilized. But, annexation by petition, *i.e.*, consent of a majority of the owners is quite different from annexation by ordinance where consent is not a precondition, and as here, absent because refused. In *Village of Buffalo Grove* a 300 foot strip was selected from the "midst of objectors' farm" it being argued that the contiguity requirement is to insure unity of purpose and facilities and that such a strip did not. In answer, and correctly so, it was held:

"The statute, however, (Ill. Rev. Stat. 1967, Ch. 24, Sec. 7-1-1) expressly provides for the annexation of 'any territory which is not within the corporate limits of any municipality but which is contiguous to a municipality * * *'. There is no limitation in the language of the statute on the right of any petitioner *other than an initiating municipality* to include unsubdivided or farm lands. 'Any territory' has a plain meaning and, in the absence of any limiting language which would require the inclusion of all property owned by an objector, must be held to contemplate including a portion of such property, and without regards to its use." (Emphasis ours.)

In a footnote, the court correctly notes that a part of the same section and the one we deal with, does contain a limitation where the corporate authority initiates such proceedings, and cites the portion of the statute we have quoted at the beginning of this opinion. In our opinion, therefore, *Village of Buffalo Grove* is not authority *contra* the line of reasoning we have chosen.

■■ To adopt the interpretation urged on us by the Town of Normal, is to render this proviso no proviso at all and this because the ten acre limitation, if not linked with ownership, could easily be circumvented by tandem, piecemeal annexation. It is a commonplace that where two interpretations of a statute are possible, the one that renders a statute ineffective, should be discarded. Quite obviously, in construing statutes, courts must presume that the legislature intended to enact an effective law. By giving to "tract" the interpretation or construction we have, we breathe life into what we consider to be the legislative purpose.

368

We conclude that absent the owner's consent a municipality cannot carve out of such owner's property a "tract" not in excess of ten acres and annex it. Because we hold as we do, we do not reach the other points the owners raise relative to the adequacy of the notice. Accordingly, the order permitting the Town of Normal to annex the property in question is reversed and we remand this cause for appropriate proceedings to effect this holding.

Reversed and remanded.

TRAPP, P. J., and CRAVEN, J., concur.