*In re* ANNEXATION OF TERRITORY TO THE CITY OF PARK RIDGE, ILLINOIS (American National Bank and Trust Company of Chicago, as Trustee, Objector-Appellant, v. The City of Park Ridge, Petitioner-Appellee).

First District (2nd Division)   No. 1—93—1770

Opinion filed March 29, 1994.

Rudnick & Wolfe, of Chicago (Theodore J. Novak, George L. Grumley, and Kevin J. Rielley, of counsel), for appellant.

Paul N. Keller, Corporation Counsel, of Park Ridge, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

This appeal emanates from the denial of the perimeter objection to the City of Park Ridge's annexation of the subject property over the owner's objection. For reasons which follow, we reverse and remand with directions.

The Park Ridge city council (City) adopted an ordinance initiating these annexation proceedings pursuant to section 7—1—2 of the Illinois Municipal Code (Code) (65 ILCS 5/7—1—2 (West 1992) (amended 1993[1]) (section 7—1—2)). The subject property was the only property sought to be annexed. The property, consisting of approximately 4.5 acres, is located at the northeast corner of Dempster Street and Potter Road. It is improved with mixed retail shopping and office uses. No persons reside within its boundaries. It is contiguous with and adjacent to the City and no part of it is contained within the boundaries of any other municipality. A copy of the map of annexation is included as an appendix to this opinion. The City filed its petition to annex with the circuit court.

American National Bank and Trust Company of Chicago, as trustee under trust No. 65213 (landowner), did not consent to the annexation and filed a timely perimeter objection to the annexation petition pursuant to section 7—1—3(4) of the Code (65 ILCS 5/7—1—3(4) (West 1992) (section 7—1—3(4))), setting forth the following reasons: (1) its property is "located on the perimeter of the territory sought to be annexed," (2) it did not desire annexation, and (3) such exclusion would "not destroy contiguity between the corporate boundaries of [the City] and any other property sought to be annexed."

The circuit court overruled the landowner's perimeter objection, finding: (1) the landowner's property and the property sought to be annexed by the City are one and the same property; (2) the landowner's property is not located on the perimeter of the territory to be annexed, but rather constitutes all of the territory to be annexed; and (3) a grant of the landowner's perimeter objection would destroy contiguity of the property and the City. The court then ordered the property annexed to the City.

The parties agree that the only issue before this court is whether, under section 7—1—3(4), a perimeter objection is available to a landowner whose property constitutes the entire territory which a municipality seeks to annex. This is an issue of first impression.

■ The legislature alone has the authority to allow the alteration of municipal boundaries by annexation or otherwise. (*In re Petition to Annex Certain Territory to the Village of North Barrington* (1991),

---

[1]Pub. Act 88—355 § 5, eff. August 16, 1993. The new amendment is irrelevant to this case.

144 Ill. 2d 353, 361, 579 N.E.2d 880.) The court's function is limited to addressing questions relating to the execution of the annexation statute. (*Village of North Barrington*, 144 Ill. 2d at 361-62.) A circuit court's findings as to the statutory requirements will not be disturbed on appeal unless they are contrary to the manifest weight of the evidence. *Village of North Barrington*, 144 Ill. 2d at 362.

■ Section 7—1—2 provides in part that "the corporate authorities of a municipality may initiate [annexation] proceedings by enacting an ordinance expressing their desire to annex the described territory." Section 7—1—3 sets forth the objections which may be filed to these annexation proceedings, of which subsection (4) is involved here, as follows:

> "After the filing of the petition but not less than 5 days prior to the date fixed for the hearing, any interested person may file with the circuit clerk his objections *** (4) that the objector's land is located on the perimeter of such territory, that he does not desire annexation, and that exclusion of his land will not destroy the contiguity of such described property with the annexing municipality." (65 ILCS 5/7—1—3 (West 1992) (section 7—1—3).)

The section 7—1—3(4) perimeter objection was timely filed.

In construing the language of section 7—1—3(4), our supreme court recently held that the words "such territory" and "such described property" contained therein refer to the territory to be annexed as described in the annexation petition. (*Village of North Barrington*, 144 Ill. 2d at 363-64.) Accordingly, a perimeter objection is available where (1) the objector's land is on the perimeter of the territory to be annexed, (2) the objector does not desire annexation, and (3) the exclusion of the objector's land will not destroy the contiguity of the territory to be annexed with the annexing municipality. (*Village of North Barrington*, 144 Ill. 2d at 363-64.) Where these conditions are met, the perimeter objection is available as a matter of right (*In re Petition to Annex Certain Real Estate to Crest Hill* (1975), 26 Ill. App. 3d 99, 102, 324 N.E.2d 461), regardless of reason (*In re Petition for Annexation of Territory in the County of Kankakee* (1961), 30 Ill. App. 2d 391, 396, 174 N.E.2d 710).

■ The landowner claims it has fulfilled the requirements for a valid perimeter objection because (1) its land is located on the perimeter of the territory to be annexed, (2) it does not desire annexation, and (3) the exclusion of its property will not destroy "contiguity between the City and any other territory that it seeks to annex." The landowner argues that its "otherwise valid" perimeter objection cannot be defeated solely because its property is the only property sought to be annexed by the City. We agree.

Without direct authority, the City contends first that the landowner's property is not "on the perimeter" of the territory to be annexed, because a property cannot be on the perimeter of itself. More specifically, the City declares that the landowner's property and the territory to be annexed have coterminous boundaries and, thus, are "one and the same" land. "It defies common sense and principles of Euclidian geometry to argue that something can be on the perimeter of itself," the City submits. Accordingly, the City concludes, "on the perimeter" obviously contemplates a situation where the territory to be annexed is divided into two or more parts, at least one of which is on the boundary of the other.

The City correctly notes that words used in the annexation statute are given their plain and commonly understood meaning in the absence of legislative intent to the contrary. (*Village of North Barrington*, 144 Ill. 2d at 362.) Without citation, the City suggests that "perimeter" means boundary, outer limit or circumference. Indeed, the most appropriate definition of "perimeter" as used in section 7—1—3(4) probably is "outer limits."[2] (Webster's Third New International Dictionary 1680 (1986); see also *In re Petition to Annex Certain Territory to the Village of North Barrington* (1990), 204 Ill. App. 3d 801, 805-06, 562 N.E.2d 659, *rev'd on other grounds* (1991), 144 Ill. 2d 353, 579 N.E.2d 880 (defining "perimeter" in section 7—1—3(4) as "outer limits"); 32 Words & Phrases, Perimeter (West 1956 & Supp. 1993).) Accordingly, to meet the first requirement for a perimeter objection, the objector's land must be "on the perimeter," *i.e.*, on the outer limit, of the territory to be annexed.

In the case *sub judice*, the landowner's property *is* on the perimeter or outer limit of the territory to be annexed, as well as constituting the sole annexational property. The fact that the landowner's property also constitutes the entire territory to be annexed is irrelevant to the viability of the objection. To hold otherwise would cripple the utility of the perimeter objection by empowering annexing authorities to bypass this provision simply through annexing only one property each time. Clearly, had the City proposed to annex only one additional property to the east of the subject property, for example, there would be no question but that the latter was on the

---

[2]Webster's dictionary defines "perimeter" in relevant part as (1) "the boundary of a closed plane figure" (*e.g.*, "the perimeter of a circle"); (2) "a line or strip bounding or protecting an area" (*e.g.*, "small cities on the perimeter of the reservation" and "the perimeter of a shopping district"); and (3) "outer limits" (*e.g.*, "the perimeter of possible excursions was reduced" and "House of Representatives report described the perimeter of the legislation"). Webster's Third New International Dictionary 1680 (1986).

perimeter of the total, just as it is in the present circumstances. Section 7—1—3(4) describes two, separate bodies of land: (1) the objector's land and (2) the territory to be annexed. Just because these two separately described bodies of land happen to share identical boundaries does not preclude the first from being "on the perimeter" of the other. The landowner thereby has met the first requirement for a perimeter objection.

The second requirement for a perimeter objection also has been met in that the landowner here does not desire annexation.

The third requirement that must be met for a perimeter objection is that the exclusion of the objector's land will not destroy the contiguity of the territory to be annexed with the annexing municipality. The landowner's position is that exclusion of its property will not destroy "contiguity between the City and any other territory that it seeks to annex." According to the City, since the landowner's property constitutes the entire territory to be annexed, its exclusion would automatically destroy contiguity because nothing would remain to be annexed. The absence of remaining property to be annexed under these circumstances is simply the remainder of subtracting the property under objection from the property to be annexed, a result made possible only by the decision of the corporate authorities here to annex but one property.

Contiguity in the annexation statute means touching or adjoining in a reasonably substantial physical sense. (*In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 1050, 438 N.E.2d 574; see *Village of North Barrington*, 144 Ill. 2d at 365-66.) It is undisputed that the landowner's property is contiguous with the City. The exclusion of the landowner's property from the annexation proceedings would not destroy this contiguity between it and the City. Contrary to the City's assertions, it is irrelevant that nothing would remain to be annexed after the exclusion because that is not the requirement: the requirement is that contiguity cannot be destroyed. Obviously, this requirement contemplates the usual situation where an attempt is made to annex several parcels of land at a time.

All three requirements for a perimeter objection have been met here. The circuit court's finding to the contrary is manifestly erroneous.

Both sides maintain that the legislative intent behind the annexation statutes, particularly sections 7—1—2 and 7—1—3, supports their position.

In construing a statute, a court must ascertain and give effect to the legislative intent by looking to the language of the statute and

the purposes to be attained by it. (*In re Petition of the Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 545, 530 N.E.2d 491.) Where two interpretations are possible, the one that renders a statute ineffective should be discarded as it is presumed the legislature intended to enact an effective law. *In re Petition of the Town of Normal for Annexation of Certain Territory* (1972), 5 Ill. App. 3d 363, 367, 283 N.E.2d 44.

We note that little legislative history of the annexation statute (65 ILCS 5/7—1—1 *et seq.* (West 1992)) is available to aid our analysis. Commentators have stated that the legislative philosophy generally was not to countenance annexations without the consent of the governed, with some exceptions. (Woolsey, *Local Government: Annexation*, 1973 Ill. L.F. 582, 583-85 (hereinafter *Annexation*); Graham, *Change in Municipal Boundaries*, 1961 Ill. L.F. 452, 455.) The earliest version of section 7—1—2 was passed in 1953. (1953 Ill. Laws 1132.) Two years later, the legislature added the perimeter objection in essentially the same form as it is in today. (1955 Ill. Laws 2161.) Although no debates or committee reports are available in the public records, the perimeter objection has always been understood to give landowners of perimeter properties the right to be excluded from annexations proceeding under section 7—1—2. (See *Village of North Barrington*, 144 Ill. 2d at 363-64; *Crest Hill*, 26 Ill. App. 3d at 102; *County of Kankakee*, 30 Ill. App. 2d at 396; *Annexation*, 1973 Ill. L.F. at 587.) This historical background supports granting the landowner's perimeter objection.

The landowner argues further that involuntary annexation is intended under section 7—1—2 only when "necessary to establish contiguity with other parcels of property whose owners desire annexation." Accordingly, perimeter property owners are protected by being allowed to opt out of the annexation. In response, the City cites *Town of Normal* (5 Ill. App. 3d 363, 283 N.E.2d 44). There, the court was asked to interpret the following sentence contained in section 7—1—2: " '[N]o tract of land in excess of 10 acres in area may be included in the ordinances of a municipality initiating the proceedings without the express consent of the owner [of the tract] unless the said tract' " meets certain conditions. (*Town of Normal*, 5 Ill. App. 3d at 364, quoting Ill. Rev. Stat. 1969, ch. 24, par. 7—1—2.) The court held that its purpose is "to prevent tracts of land [from] being annexed absent consent of the owner if a given tract of such owner exceeds ten acres." (*Town of Normal*, 5 Ill. App. 3d at 365.) The court espoused that, under section 7—1—2, consent of owners is not required for ordinance-initiated annexation of tracts of land of less than 10 acres. (*Town of Normal*, 5 Ill. App. 3d at 366. But *cf. Krupp*

*v. Taylor* (1959), 20 Ill. App. 2d 282, 285, 156 N.E.2d 13 (an ordinance-initiated annexation requires an election approving it).) Assuming, *arguendo*, this interpretation of section 7—1—2 is correct, it is nevertheless inapposite to the case at bar because no perimeter objection was at issue there.

The City mistakenly suggests that allowing the perimeter exception to be utilized under these circumstances would render meaningless that portion of section 7—1—2 which authorizes ordinance-initiated annexation of parcels of less than 10 acres without the owner's consent. The municipality's authority to initiate such an annexation remains intact, subject only to the limitations and objections provided by statute, one of which is the perimeter objection.

For the reasons set forth above, the circuit court's decision must be reversed and the cause remanded for proceedings consistent with the analysis expressed in this opinion.

Reversed and remanded with directions.

DiVITO, P.J., and McCORMICK, J., concur.