NORTHWEST AIRLINES, INC., *et al.*, Plaintiffs-Appellees, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant.

First District (5th Division)    No. 1—96—4267

Opinion filed March 20, 1998.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for appellant.

Richard M. Lipton and Jeffrey L. Dorman, both of Sonnenschein, Nath & Rosenthal, of Chicago, for appellees.

JUSTICE HOURIHANE delivered the opinion of the court:

Plaintiffs, Northwest Airlines, Inc. (Northwest), and Republic Airlines, Inc. (Republic) (collectively referred to as taxpayers), filed a complaint for administrative review, challenging a decision of the Illinois Department of Revenue (Department) which found that "flyover miles" must be included in the numerator of the apportionment fraction applicable to transportation services set forth in section 304(d) of the Illinois Income Tax Act (Act) (35 ILCS 5/304(d) (West 1996)). Flyover miles are miles accrued by "overflights"—flights which do not depart from or land in Illinois, but whose normal route is over Illinois.

The circuit court concluded that flyover miles are not properly included in the apportionment numerator and reversed the Department's decision. The Department appeals. We affirm.

## BACKGROUND

Northwest is a Minnesota corporation with its principal place of business in Minneapolis. Republic was a Wisconsin corporation with its principal place of business in Minneapolis which was merged into Northwest. During the relevant tax years, both commercial airlines operated in various states, including Illinois, and were required to apportion their business income to Illinois using the one-factor apportionment formula for transportation companies set out in section 304(d) of the Act. This section states, in relevant part:

"Business income derived from furnishing transportation services ***

*** shall be apportioned to this State by multiplying such income by a fraction, the numerator of which is the revenue miles of the person *in this State*, and the denominator of which is the revenue miles of the person everywhere. For purposes of this paragraph, a revenue mile is the transportation of 1 passenger or 1 net ton of freight the distance of 1 mile for a consideration." (Emphasis added.) 35 ILCS 5/304(d)(1) (West 1996).[1]

The Department issued notices of deficiency for tax years 1983 through 1987 in the aggregate amount of approximately $750,000. The deficiencies reflect several adjustments to the taxpayers' returns. In particular, the Department adjusted each tax year to include flyover miles in the Illinois apportionment fraction numerator.

The taxpayers timely protested the Department's adjustment based on its inclusion of flyover miles. The parties proceeded before the administrative law judge (ALJ) on a joint stipulation of facts, exhibits, and testimony. In his recommended decision, the ALJ concluded that section 304(d) of the Act authorized the inclusion of flyover miles in the numerator of Illinois' apportionment fraction. Specifically, the ALJ rejected the taxpayers' contention that flyover miles are not in Illinois but, rather, are in federal air space. The ALJ further found that the inclusion of flyover miles in the Illinois numerator facilitates 100% apportionment, is not preempted by federal law, and does not run afoul of the commerce clause. Finally, the ALJ found that penalties were proper. On May 4, 1993, the Director of the Department adopted the ALJ's recommended decision.

On administrative review, the circuit court looked to the statutory language and concluded that flyover miles are not "in" Illinois. The circuit court also found that Illinois case law requires a nexus between the overflights and this state. See *GTE Automatic Electric, Inc. v. Allphin*, 68 Ill. 2d 326, 369 N.E.2d 841 (1977) (hereafter *GTE*); *Lakehead Pipe Line Co. v. Department of Revenue*, 192 Ill. App. 3d 756, 549 N.E.2d 598 (1989). On October 4, 1994, the court issued its memorandum and decision reflecting its findings, but remanded the matter to the Department for a determination of whether flyover miles should be included in the apportionment formula pursuant to section 304(f) of the Act. Section 304(f) provides for alternative methods of apportionment in certain circumstances. 35 ILCS 5/304(f) (West 1996).

---

[1]Section 304(d) has not been changed substantively since the tax years in question. See Ill. Rev. Stat. 1983, ch. 120, par. 3—304(d).

On remand, the ALJ found that the Department had not satisfied the prerequisites in order to invoke an alternative apportionment method under section 304(f). The ALJ also revisited the penalties issue and recommended that penalties be abated. On June 19, 1996, the Director adopted the ALJ's recommended decision on remand and the matter was returned to the circuit court for final disposition.

On November 4, 1996, the circuit court entered its final judgment order reversing the Department's May 4, 1993, decision. The Department appeals. 735 ILCS 5/3—112 (West 1996); 155 Ill. 2d R. 301.

## ANALYSIS

■ Interpretation of a statute is a question of law. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961 (1995). As the agency charged with administration and enforcement of the Act, the Department's interpretation of the Act is relevant and will receive some deference on review. However, the Department's interpretation is not binding on this court and review proceeds *de novo. Branson*, 168 Ill. 2d at 254; *Thomas M. Madden & Co. v. Department of Revenue*, 272 Ill. App. 3d 212, 215, 651 N.E.2d 218 (1995).

■ Tax laws must be strictly construed; they must be given a reasonable construction, without bias or prejudice against either the state or the taxpayer, in order to effectuate the intent of the legislature. *Van's Material Co. v. Department of Revenue*, 131 Ill. 2d 196, 202, 545 N.E.2d 695 (1989); *United Legal Foundation v. Department of Revenue*, 272 Ill. App. 3d 666, 677, 650 N.E.2d 1064 (1995). Where there is doubt, tax statutes will be construed most strongly against the government and in favor of the taxpayer. *Van's Material Co.*, 131 Ill. 2d at 202.

■ We turn first to the language of the statute, the best evidence of the legislature's intent. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656 (1990). If the language is clear and unambiguous, the statute will be construed according to its terms, without resorting to aids of construction. *Branson*, 168 Ill. 2d at 254.

Section 304(d) of the Act provides that the numerator in the apportionment fraction is the revenue miles of the airline "in this State." "Revenue mile," in turn, is defined as "the transportation of 1 passenger or 1 net ton of freight the distance of 1 mile for a consideration." 35 ILCS 5/304(d)(1) (West 1996). Significantly, no reference is made in the statutory definition to flyover miles, overflights, or flights that land in or depart from this state.

In construing the statutory language, the circuit court initially determined that, had the legislature intended to include flyover miles in the apportionment numerator, it would have used the appropriate

language—"above" Illinois, "over" Illinois, or "in [Illinois] air space." Since the legislature sought to include only those revenues miles "in" Illinois, the court concluded that flyover miles should be excluded. However, as the Department correctly argues, *all* the airline mileage at issue here is necessarily "over" this state, "above" this state, or "in [Illinois] air space." Thus, it is erroneous to conclude that flyover miles should be excluded simply on the basis of an "in" versus "over" analysis.

We note that our construction of section 304(d) of the Act cannot be based solely on the statutory language. Proper interpretation must also include the nature, object and consequences of construing this provision one way as opposed to another. *Mulligan v. Joliet Regional Port District*, 123 Ill. 2d 303, 313, 527 N.E.2d 1264 (1988). In this regard, it is presumed that the legislature intended to enact an effective law. Thus, an interpretation that renders a statute unconstitutional or otherwise invalid or ineffective should be discarded. *People v. Williams*, 119 Ill. 2d 24, 28, 518 N.E.2d 136 (1987); *In re Annexation of Territory to the City of Park Ridge*, 260 Ill. App. 3d 384, 389, 632 N.E.2d 194 (1994). Because we find that the interpretation urged by the Department is inconsistent with Illinois Supreme Court precedent, we must discard it in favor of the interpretation advanced by the taxpayers.

In *GTE* our supreme court considered whether certain drop-shipment sales should be excluded in computing the total sales of the taxpayer in this state for purposes of the three-factor apportionment formula set out in article 3 of the Act. The drop-shipment sales at issue occurred where taxpayer's suppliers shipped the goods from a point outside Illinois to a destination also outside Illinois, and where the taxpayer was not taxed in either the state of origin or the state of destination.

The taxpayers argued, *inter alia*, that the nexus between Illinois and the drop-shipment sales provided an insufficient constitutional basis on which to include such sales in the apportionment formula. The court responded:

"On this record we cannot determine what plaintiff's business activity in this State has been with respect to these 'drop-shipment' sales, and this can be determined in a hearing before the Department. We hold, however, that the mere fact that both the origin and destination of these sales were outside Illinois does not show that there were not sufficient local activities within Illinois to form a *sufficient nexus between the Illinois income tax and transactions in Illinois by which the tax is measured*." (Emphasis added.) *GTE*, 68 Ill. 2d at 340.

Although the Department maintains that the nexus requirement is satisfied where the corporation avails itself of the privilege of carrying on business in this state, *GTE* plainly requires something more, *i.e.*, there must be a nexus with the Illinois transaction by which the tax is measured. In this case, there must be a sufficient connection with the flyover miles generated by the overflights.

■ Unlike the *GTE* case, the record before this court amply demonstrates that the nexus requirement cannot be satisfied. Flight plans for overflights are not filed with any Illinois state or municipal authorities. There are no voice communications with overflights, and such flights make no use of Illinois facilities, services, or employees. There exists no physical contact between overflights and this state, nor any economic connection. We do not find the mere possibility that an overflight will avail itself of services and facilities in this state in the event of an unscheduled landing sufficient to establish a nexus. To the extent there is some uncertainty as to what constitutes a sufficient nexus, we need not reach that issue, as here there is a *total* absence of any nexus between the overflights and this state.

We are aware that the purpose of the Act is "to assure that 100%, and no more or no less, of the business income of a corporation doing multistate business is taxed by the States having jurisdiction to tax it." *GTE*, 68 Ill. 2d at 335. Thus, "overlaps" and "gaps" in taxation are to be avoided. *GTE*, 68 Ill. 2d at 339. We are also aware that the exclusion of flyover miles from the numerator of the apportionment fraction increases the number of "nowhere miles" (miles not apportioned to any taxing state), thus increasing the gap in taxation of airlines.[2] However, full apportionment cannot be achieved outside the constitutional parameters established by our supreme court.

For the foregoing reasons, the order of the circuit court reversing the May 4, 1993, decision of the Director of the Department is affirmed.

Affirmed.

HOFFMAN, P.J., and HARTMAN, J., concur.

---

[2] A gap exists because miles flown outside the United States are included in the "everywhere miles" of the apportionment denominator, but are not included in the numerator of any taxing state.