*In re* ANNEXATION OF CERTAIN TERRITORY TO THE VILLAGE OF DOWNERS GROVE—(ROBERT J. DEWIRE *et al.*, Petitioners-Appellees, *v.* THE CITY OF DARIEN *et al.*, Objectors-Appellants.)

(No. 72-347;

Second District—September 18, 1974.

Barbara G. Caruso and F. Willis Caruso, both of Hinsdale, for appellants.

Duane G. Walter, of Wheaton, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from a judgment finding that a petition for annexation conformed to the provisions of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, § 7—1—1 *et seq.*).

Objectors-appellants claim that the petition was void for failing to comply with (1) section 7—1—1 which requires that the trustees of the affected fire protection districts be notified in writing prior to the hearing on the annexation petition, and (2) section 7—1—4 which requires that the petition be supported by an affidavit stating that the signatures on the petition represent the owners of record of more than 50% of the land in the territory to be annexed.

Section 7—1—1 of the Municipal Code provides, in part, that:

"When any land proposed to be annexed is part of any Fire Protection District * * * the Trustees of each District shall be notified in writing by certified or registered mail before any court hearing or other action is taken for annexation. Such notice shall be served 10 days in advance. An affidavit that service of notice has been had as provided by this Section must be filed with the clerk of the court in which such annexation proceedings are

pending or will be instituted  *  *  *. No annexation of such land is effective unless service is had and the affidavit filed as provided in this Section."

On April 13, 1972, there was filed in the circuit court of Du Page County a petition requesting annexation of certain unincorporated territory to the Village of Downers Grove. Subsequently, one of the petitioners filed an affidavit wherein it was stated that the petition contained the signatures of a majority of the property owners, the owners of record of more than 50% of the land involved and a majority of the electors of the territory therein described. A hearing on the petition was set for May 11. Notice of the hearing and a copy of the petition were mailed to the clerk of the Village of Downers Grove and, allegedly, to the Downers Grove Estates Fire Protection District. On May 11, the court initiated proceedings, in accord with section 7—1—4 of the statute, by entertaining uncontested perimeter objections. The hearing was continued until June 22 at which time objectors filed a motion to strike the petition. The motion stated that the trustees of the Downers Grove Fire Protection District have not received written notice of the proceedings and that petitioners' affidavit, which purported to show service of notice on the fire protection district, was invalid for failure to state that such notice was sent by registered or certified mail. In support of the motion, three trustees filed affidavits stating their non-receipt of written notice. The court continued the cause until July 12 for an evidentiary hearing on the question of notice.

Meanwhile, by registered mail, petitioners' attorney, on July 7, sent a duplicate of the April 13 notice and a copy of the annexation petition to the residences of the three Downers Grove fire protection district trustees. A new affidavit was executed to this effect. The affidavit additionally explained that this procedure was effected in reliance upon section 1.25 of the Construction of Statutes Act (Ill. Rev. Stat. 1971, ch. 131, § 1.25). (The Act provides for filing a duplicate writing in cases when a writing or payment required to be filed with the State or any political subdivision thereof is mailed but not received.) Copies of two return receipts, dated July 11, appear in the record.

On July 12, petitioners' attorney introduced into evidence the April 13 notice of filing and the affidavit of mailing. The notice was addressed to the clerk of the Village of Downers Grove and to:

"Downers Grove Estate Fire Protection District
75th & Lyman
Downers Grove, Illinois 60515"

The affidavit of mailing executed by petitioners' attorney, Mr. Walter, stated that he had "mailed a copy of the notice of annexation and a

copy of the petition to the above named parties in a properly addressed envelope with sufficient postage at the U.S. Mail chute at the Wheaton Post Office, Wheaton, Illinois." Attorney Walter's secretary testified that on April 13, 1972, Mr. Walter gave her notices and petitions for two separate annexations which were to be mailed, that she prepared the envelopes for certified mail with return receipts, addressed as shown on the notice, and returned them to Mr. Walter. The secretary stated that she did not know what had happened to the receipts but that she never got them back. Mr. Walter stated to the court that he would stand on his affidavit of mailing.

Objectors stated that they would stand on the trustees' affidavits of non-receipt of written notice but called Mr. Paul Spinka, secretary and trustee of the Downers Grove Fire Protection District, to testify concerning the district's address. Mr. Spinka testified that the fire protection district did not maintain an office but did have two facilities (one at 75th and Lyman) and that mail addressed to "Downers Grove Estate Fire Protection District, 75th and Lyman, Downers Grove" would be directed to his home.

The court held that while the petitioners were not in strict compliance with section 7—1—1 of the Municipal Code (their notice being addressed to the district and not to the trustees) they did follow the substance of the statute. The court also held that the trustees' affidavits made it apparent that they did not receive written notice and that the purpose of the statute's requirement was thus defeated. As a result, the court continued the proceedings for 2 weeks (until July 26 to comply with the 10-day advance notice requirement) and ordered petitioners to mail notice of the July 26 hearing to the trustees. The next day, petitioners, by registered mail, sent new notice to each trustee and when court reconvened on the scheduled date, an attorney for the fire protection district acknowledged receipt of the notice of hearing. The court then considered perimeter objections after which hearing on the petition resumed.

Objectors insist that at the time the court determined there was no service of notice on the trustees, it was required to dismiss the petition because such deficiency is irremediable according to *People ex rel. Hopf v. Village of Bensenville*, 132 Ill.App.2d 907, 910 (1971). In addition, objectors contend that section 1.25 of the Construction of Statutes Act is not applicable because it is a filing statute rather than a notice statute.

■■ Objectors' argument is based, at least in part, upon the assumption that because petitioners' initial notice was misaddressed, no written notice had been sent to the fire protection district prior to the hearing. This assumption, however, was not shared by the court nor is it sub-

stantiated by the record. The fact that the receipt was never returned, although receipts were received from the Village of Downers Grove and from mail (posted at the same time) relating to another annexation, certainly suggests that the notice was simply lost in the mail. While the original notice was not addressed to the "trustees" of the fire protection district and the accompanying affidavit did not state that it was sent registered or certified mail, these omissions were only formal defects. Neither omission was material because trustee Spinka testified that he would usually receive mail which was addressed in the manner of petitioners' original notice, and petitioners' attorney and the attorney's secretary testified that the original notice was in fact sent by certified mail. The court, however, was faced with a dilemma for which the statute offers no solution: the trustees had not received written notice of the hearing despite petitioners' having mailed it. We agree with objectors that section 1.25 of the Act is a filing statute not applicable in this situation. To interpret section 7—1—1 as requiring only mailing of notice without respect for its receipt would ignore the purpose of the statute. Conversely, it must be noted that if verification of receipt were intended, the legislature could have required the filing of return receipts or required personal service. Under the circumstances, the trial court's decision to continue the proceedings until new notice could be issued and the 10-day requirement met, substantially complied with the spirit and intent of the statute. Additionally, we take cognizance of the fact that there was in the record a letter of objection to the annexation which letter was signed on May 2, 1972, by trustee Spinka in his capacity as a property owner in the petitioning territory.

The *Bensenville* case *supra*, upon which objectors rely, is clearly distinguishable. There, petitioners attempted to comply with the notice requirements of section 7—1—1 after the ordinance of annexation was adopted. (132 Ill.App.2d 907, 908.) Here petitioners attempted to comply with the statute 28 days prior to the first hearing and, upon a finding of non-receipt, new notice was given prior to the date of hearing. Under the circumstances we find no reversible error on this issue.

■■ Objectors claim that the original petition for annexation was void because the supporting affidavit was false for stating that the signatures on the petition represented the owners of record of more than 50% of land in the territory described. The assertion is founded upon an interpretation that section 7—1—4 requires the initial petition, filed under section 7—1—2, to be supported by an affidavit to the effect that more than 50% of the owners of record of the land sought to be annexed have signed the petition. This is not true. In previous years there was such a requirement but the legislature, in 1961, amended section 7—1—2 and

deleted that requirement. Now the original petition to annex need be signed only by a majority of the owners of record of the land in the territory described and a majority of the electors residing in such territory. Section 7—1—2 does not require the petition to be accompanied by an affidavit. Ill. Rev. Stat. 1971, ch. 24, § 7—1—2.

The first mention of an affidavit occurs in section 7—1—4 which prescribes that the circuit court conduct a two-phase hearing, wherein, first:

> "Prior to hearing evidence on the validity of the annexation petition * * *, the court shall hear and determine any objections under sub-paragraph (4) of Section 7—1—3. If the court is satisfied that such objection is valid, it shall order the petition * * * to be amended to eliminate such objector's land from the territory sought to be annexed."

Second, the court is directed that:

> "Thereafter upon this hearing the only matter for determination shall be the validity of the annexation petition * * *. All petitions shall be supported by an affidavit of one or more of the petitioners, or someone on their behalf, that the signatures on the petition represent a majority of the property owners of record and the owners of record of more than 50% of land in the territory described and a majority of the electors of the territory therein described. Petitions so verified shall be accepted as prima facie evidence of such facts."

As can be seen, it is during the second phase of the proceeding that the court determines the validity of the petition, either as originally filed or as amended under the first phase. It is at this time that the affidavit, if it is to be considered as *prima facie* evidence, must state that the signatures on the petition represent a majority of the property owners of record, the owners of record of more than 50% of land in the territory described and a majority of the electors of that territory. In the case at bar, petitioners' unrebutted evidence reveals that the petition as amended was signed by the majority of landowners, the majority of electors and the owners of record of 51.22% of the land in the territory as finally described. Objectors' claim is therefore without merit.

■■ Finally, objectors argue that the court erred in denying LaGrange State Bank's motion to amend its objection. The record shows that the bank's attorney made an oral motion to amend the objection, that hearing on the motion was continued at the bank's request, and that the court entered an order reserving its decision until that date. At the hearing, the court overruled the bank's original objection. No one moved for a ruling on the pending motion and the court neither granted nor denied it. The law is clear that when the court reserves its ruling on a motion or an

objection, the movant or objecting party must seek a decision or ruling in order to preserve the motion or objection for review. *Trimmer v. Franklin Life Insurance Co.*, 319 Ill.App. 520 (1943 abstract opinion)/, *app. denied*; in accord, *Schroeder v. Busenhart*, 133 Ill.App.2d 180, 183 (1971), *cert. denied*, 405 U.S. 1017, 31 L.Ed.2d 479, 92 S.Ct. 1293.

For the reasons stated, the judgment appealed is hereby affirmed.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.