*In re* PETITION TO ANNEX CERTAIN REAL ESTATE TO CREST HILL.—(UNION NATIONAL BANK AND TRUST COMPANY OF JOLIET, as Trustee, under Trust #612 *et al.*, Petitioners-Appellants, *v.* UNION NATIONAL BANK AND TRUST COMPANY OF JOLIET, as Trustee *et al.*, Objectors-Appellees —THE CITY OF CREST HILL *et al.*, Intervening Petitioners-Appellants).

(No. 74-103;

Third District—March 4, 1975.

Cirricione, Block & Krockey, P.C., of Joliet, for appellant City of Crest Hill.

Codo and Bonds, both of Joliet, for appellant Union National Bank & Co. as Trustee under Trusts #612, #732.

Galowich, Galowich, McSteen & Phelan, of Joliet, for appellees M. A. Girard and R. L. Girard.

Louis R. Bertani, of Joliet, for appellee Union National Bank & Co., as Trustee under Trust #1390 *et al.*

James M. P. D'Amico, Corporation Counsel, of Joliet, for appellee City of Joliet.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This appeal is taken from the dismissal of an annexation petition.

The original annexation petition in this cause was filed on August 27, 1973, and was patently defective in that the territory to be annexed

did not extend to the far side of each adjacent highway as required by section 7—1—1 of the Municipal Code (Ill. Rev. Stat., ch. 24, § 7—1—1 (1971)). The circuit court allowed petitioners (hereafter referred to as "plaintiff") to file an amended petition on October 10, 1973, which added the required legal description of each adjacent highway to its far side. An ordinance to accept annexation of the territory as described in the amended petition was approved by the city council and additional timely notices were given in accordance with the amended petition. The circuit court ruled that for purposes of determining the validity of the petition, the effective filing date was October 10, the date the amended petition was filed.

On September 6, after the August 27 filing of the petition and before October 10, the Union National Bank as trustee conveyed a small tract within the territory to be annexed to the nine beneficial owners of the trust property. As a result of this conveyance, signatures on the petition no longer represented a majority of the owners of record as required by section 7—1—4 of the Municipal Code (Ill. Rev. Stat., ch. 24, par. 7—1—4).

Objections to the petition were filed by defendants, attacking the validity of the petition on numerous grounds, including an objection that defendants' land was on the perimeter of the territory, that defendants did not desire annexation, and that exclusion of their land would not destroy the contiguity of the territory to be annexed.

At the hearing on the petition, defendants introduced evidence attacking the validity of the petition and expressly stated that they did not elect to stand on the perimeter objections under subsection (4) of section 7—1—3 of the Municipal Code (Ill. Rev. Stat., ch. 24, par. 7—1—3). In the course of the hearing, plaintiff by motion sought to amend the petition by deleting the small parcel which had been conveyed to nine of the defendants on September 6 and which was on the perimeter of the territory to be annexed. The motion also would have deleted part of perimeter tracts owned by other defendants not parties to this appeal. The court denied the motion and heard additional evidence. Plaintiff's counsel admitted during the hearing that the petition was not signed by a majority of the owners as of October 10, 1973. Defendants' motion to dismiss the petition was allowed.

Plaintiff contends (1) that the court erred in fixing October 10 as the effective filing date of the petition; (2) that the motion to delete defendants' perimeter land should have been allowed; (3) that the court erred by dismissing the petition at the close of defendants' case without giving plaintiffs an opportunity to present their case.

In annexation proceedings, courts have repeatedly insisted upon strict

compliance with statutory requirements. (*People v. Village of Lyons,* 400 Ill. 82, 79 N.E.2d 33 (1948); *In re Annexation to Village of Green Oaks,* 1 Ill.App.3d 773, 275 N.E.2d 462 (2nd Dist. 1971).) In *Green Oaks,* the requirement that the new boundary of any annexed territory shall extend to the far side of any adjacent highways was held to be mandatory, and failure to include all adjacent highways constituted a fatal defect which could not be cured by an amendment adding the omitted highway property after the notice was published. Thus, the original petition filed in the case at bar clearly failed to meet the requirements of the statute. Rather than dismiss the petition and require the petitioners to begin the proceeding again, the court, in exercise of its discretion, permitted the petition to be corrected by amendment with new notices published and new approval by the city council.

■■ Under the annexation statute, the court must determine the validity of the petition either as originally filed, or as amended by deletion of perimeter lands objected to during the first phase of the proceeding. (*In re Annexation to Village of Downers Grove,* 22 Ill.App.3d 122, 316 N.E.2d 804 (2d Dist. 1974).) In the case before us, the petition was invalid because of insufficiencies in the legal description of the territory to be annexed until those defects were corrected on October 10. We believe the court was correct in ruling that the effective date of the petition was the date the amended petition was filed, *i.e.,* October 10. The plaintiff cannot claim one effective date for determining the sufficiency of the legal description and another date for determining the sufficiency of the signatures.

During the hearing, plaintiff sought to amend the petition by a motion to delete a small parcel of land that was owned by nine defendant objectors, along with parts of other parcels. Elimination of these parcels and their owners would have reduced the number of signers required on the petition. Plaintiff contended that these nine defendants had objected to being included in the annexation under subsection (4) of section 7—1—3 of the annexation statute, and that the court should delete their perimeter land. Defendants opposed the motion on the grounds that they had not elected to stand on their subsection (4) objections, but had elected to proceed on their objections to the validity of the petition.

■■■ Section 7—1—4 of the annexation statute very plainly requires the court to hear subsection (4) perimeter objections first before hearing objections to the validity of the petition. Persons not desiring annexation have the right to have their land deleted from the petition if their land is located on the  perimeter of the territory to be annexed and if the exclusion will not destroy contiguity. Where, as here, the objectors do not come forward with perimeter objections at the commencement

of the hearing, the court may proceed to consider the validity of the petition. In any event, plaintiff was not the appropriate party to assert defendants' rights under section 7—1—4.

■■ The motion to amend in this case was similar to the motion to amend by deleting noncontiguous territory made at the close of the hearing in *In re Village of Plainfield,* No. 74-49 (3d Dist. filed February 19, 1975). In *Plainfield* we held that the court did not abuse its discretion in refusing to allow amendments which were, at best, a belated attempt to cure defects in the petition. Plaintiff relies upon *In re Annexation of Territory in Kankakee County,* 30 Ill.App.2d 391, 174 N.E.2d 710 (2d Dist. 1961), where the trial court did permit deletion by amendment of certain perimeter land already within the boundaries of another city. As we indicated in *Plainfield,* the ruling in the *Kankakee* case applies only to amendments offered before the hearing on the validity of the petition. We approve the decision of the circuit court in the case before us denying the motion to amend.

At the close of defendants' evidence, their motion to dismiss the petition was allowed. The court found that the petition was not supported by a legally sufficient affidavit and that the petition was not signed by a majority of the property owners of record. Under section 7—1—4, such a finding by the trial court requires dismissal of the petition.

■■ Plaintiff's attorney admitted in open court that the petition was not signed by a majority of property owners of record on October 10, and sought to eliminate nine objecting owners by the futile motion to amend during the hearing. When the motion to dismiss was made, plaintiff offered an affidavit reciting that the petition was signed by a majority of the "legitimate" property owners and argued that nine owners of the small parcel conveyed to them September 6 were not "legitimate" owners. The supporting affidavit constitutes prima facie evidence that the petition is signed by the necessary number of property owners, and is an essential part of the proceeding to determine the validity of the petition. (See *In re Annexation to Village of Downers Grove,* 22 Ill.App.3d 122, 316 N.E.2d 804 (2d Dist. 1974).) The affidavit offered by plaintiff in this case did not meet the statutory requirements, and the trial court correctly refused to accept it.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.