*In re* ANNEXATION TO THE CITY OF DANVILLE.—(MARY JANE KIDD *et al.*, Petitioners-Appellants, *v.* LYNCH AREA FIRE PROTECTION DISTRICT *et al.*, Objectors-Appellees.)

Fourth District   No. 15892

Opinion filed May 13, 1980.

Richard V. Houpt, of Pedersen & Houpt, of Chicago, and Everett L. Laury, of Hutton, Laury, Hesser & Lietz, of Danville, for appellants.

Dukes, O'Rourke, Stewart & Martin, Ltd., Merlie & Merlie, and Richard M. Doggett, of Gunn, Michman, Kesler, Jenkins and Brougher, P. C., all of Danville (John F. Martin and Michael J. Merlie, of counsel), for appellees.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal lies from an order of the circuit court of Vermilion County dismissing a petition to annex certain territory to the city of Danville. We reverse and remand.

Two basic issues are raised: (1) whether the circuit court committed error in dismissing on the basis of a stipulation of fact about which there is some dispute, and (2) whether an annexation petition, at the time it is circulated, must have attached to it the same description as is attached at the time of filing.

Since there was no evidentiary hearing, the facts must be gleaned from the common law record and the briefs of the parties. As we understand the case, certain property owners and electors of an unincorporated area known as "Central Park" filed a petition with the circuit court of Vermilion County requesting annexation to the city of Danville. The required notice was published and the court after several continuances proceeded to a hearing. It first heard some perimeter

objections, and then, in an effort to simplify the proceedings, counsel for the petitioners and the objectors offered a stipulation of facts to the court.

The parties have some quarrel over the exact meaning of the stipulation, but a fair reading of it convinces us that the principal thrust was that the legal description of the territory to be annexed was added to the petition after the signatures were obtained and that the petitions did not have *a* legal description attached to them at the time of circulation. There was a dispute as to whether the signers were shown a diagram at the time of signing.

The trial court received memoranda of law from the parties and entered a final order reciting in part:

"2. That it was previously stipulated by the parties that when the Petition for annexation was circulated and signed it did not contain or have attached to it a description of the territory to be annexed;

3. That the failure to have a description attached to the Petition when it was circulated and signed renders the Petition defective."

The parties admit that this is a case of first impression and that no Illinois authority exists on the precise point, *viz.*, the necessity for a description to be included with an annexation petition at the time of circulation and signing. The answer must be found in the statutes themselves, which are sections 7—1—1 through 7—1—4 of the Municipal Code (Ill. Rev. Stat. 1977, ch. 24, pars. 7—1—1 through 7—1—4).

Since these statutes are quite lengthy, it would overburden this opinion to recite them in full. A summary of the statutory scheme will therefore be used.

The annexation process may be initiated either by a written petition of the majority of the property owners and of a majority of the electors residing in the area, or by the enactment of an ordinance by the corporate authorities expressing their desire to annex. The petition or ordinance is then filed with the circuit clerk of the county in which the territory is located, and provisions are made for notice and hearing. The petition shall request that the annexation question be submitted to the corporate authorities; the ordinance shall request that the question be submitted to the electors in the area. No petitioner has the right to withdraw except by the consent of the majority of the other petitioners or by showing that his signature was obtained by fraud or misrepresentation.

Section 7—1—3 of the Municipal Code reads as follows:

"After the filing of the petition but not less than 5 days prior to the date fixed for the hearing, any interested person may file with the circuit clerk his objections (1) that the territory described in the

petition or ordinance, as the case may be, is not contiguous to the annexing municipality, (2) that the petition is not signed by the requisite number of electors or property owners of record, (3) that the description of the territory contained in the petition or ordinance, as the case may be, is inadequate, or (4) that the objector's land is located on the perimeter of such territory, that he does not desire annexation, and that exclusion of his land will not destroy the contiguity of such described property with the annexing municipality." Ill. Rev. Stat. 1977, ch. 24, par. 7—1—3.

Then follow requirements for a hearing on the petition or ordinance. Section 7—1—4 directs that a hearing shall first be held on the perimeter objections and then provides:

"* * * If the court finds that (1) the annexation petition is not signed by the requisite number of electors or property owners of record; or (2) that the described property is not contiguous to the annexing municipality; or (3) that the description is materially defective; or (4) that the petition or ordinance, as the case may be, is otherwise invalid, the court shall dismiss the petition or ordinance, as the case may be." (Ill. Rev. Stat. 1977, ch. 24, par. 7—1—4.)

The section concludes with directions to the court as to the actions required of it, if it finds the petition or ordinance to be valid.

Even the most casual reading of the foregoing summary and quotations reveals that there are no statutory requirements for a petition prior to its filing with the circuit clerk and in fact such a petition has no vitality until it is so filed. The reasons may be easily inferred.

A petition for annexation, as distinct from an ordinance, is ordinarily initiated and circulated by persons without formal training in law or engineering. Moreoever, the chief moving parties cannot be sure how many electors and property owners in the territory are favorably inclined toward the project until after a canvass is made. There may be every sort of divagation during the process of obtaining signatures, and while the moving parties may start out with high hopes and great expectations as to the total area to be annexed, the final result may be considerably larger or smaller. If they were to commence with a fixed legal description and then be forced to vary that description each time a property owner and elector declined to sign the petition, the exceptions might very well consume more pages of foolscap than the original description itself. As a practical matter, it is more efficient to determine first who is willing to annex and then draw the description accordingly.

Such a procedure, of course, does not excuse an adequate description from being attached to the petition when it is filed. One of the specific bases for objection under section 7—1—3 above is that the description is

inadequate, but that objection cannot be made until "[a]fter the filing of the petition." (Ill. Rev. Stat. 1977, ch. 24, par. 7—1—3.) Prior case law holds that the validity of a petition is to be determined as of the date of its filing. (*In re Annexation to Crest Hill* (1975), 26 Ill. App. 3d 99, 324 N.E.2d 461; *In re Annexation to City of Springfield* (1967), 85 Ill. App. 2d 191, 228 N.E.2d 755.) No contention is made in the instant case that the description of the territory attached to the petition when filed was inadequate.

If any owner of land within that description feels that he has been sufficiently overreached or deceived as to be the victim of fraud or misrepresentation, he may ask the court under the statutory provision (Ill. Rev. Stat. 1977, ch. 24, par. 7—1—2) to be permitted to withdraw from the petition.

The notice provisions of the statute (Ill. Rev. Stat. 1977, ch. 24, par. 7—1—2) sufficiently advise any potential objectors of the pendency of the action. The notice must be published not more than 30 nor less than 15 days before the hearing, it must give the substance of the petition and include a description of the territory, and it must designate the date for the hearing. Quite obviously no one can become an objector until after the petition is filed with the circuit clerk. Any action prior to that time must be limited to speech and debate.

Since it is our opinion that there is no requirement for a description of the territory to be attached to the petition at the time of circulation and signing, the entire matter of the stipulation among the parties becomes irrelevant.

The order of the circuit court of Vermilion County is therefore reversed and the cause is remanded to that court for further action consistent with the views expressed herein.

Reversed and remanded.

MILLS, P. J., and GREEN, J., concur.