*In re* ANNEXATION OF CERTAIN TERRITORY TO THE VILLAGE OF WADSWORTH (Alyda Mini *et al.*, Petitioners-Appellants, v. The City of Waukegan, Respondent-Appellee).

Second District   No. 2—86—0713

Opinion filed March 31, 1987.

Robert J. Masini, of Diver, Bollman, Grach & Quade, of Waukegan, for appellants.

John E. Schultz, Eugene M. Snarski, and Murray R. Conzelman, all of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Petitioners own property located in unincorporated Lake County. They appeal from the trial court's order which dismissed their annexation petition and denied their motion to amend the affidavit. The trial court ruled in favor of the respondent, the city of Waukegan, because the petition lacked a signed affidavit required by section 7—1—4 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—4). Petitioners contend on appeal that the Code allows amendments prior to the hearing on the petition's validity and that the trial court abused its discretion in refusing to allow petitioners to amend their affidavit.

Petitioners filed an annexation petition on December 3, 1985, wherein they requested the annexation of certain territory to the vil-

lage of Wadsworth. As required by the Code, they published notice of the hearing on the petition in the local newspaper and mailed notices to the appropriate public officials. An affidavit, attached to the petition, indicated that the allegations in the petition were true. The affidavit, while notarized, did not designate the affiant nor was it signed.

On December 17, 1985, one property owner moved the court to exclude his property from the petition. The court allowed his motion and eliminated his property from the petition.

Respondent filed its objections to the annexation petition and moved to dismiss the petition on December 26, 1985. On February 18, 1986, petitioners moved to amend the affidavit alleging that they had inadvertently attached an unsigned affidavit to the petition and retained the signed copy. They sought to submit the original signed affidavit. After a hearing on the motions, the trial court dismissed the petition, denied petitioners' amendment, and denied petitioners' motion for rehearing.

■ Petitioners' first contention is that the Code allows amendments to correct inadvertent errors prior to the hearing on the petition's validity. We agree with this contention, as our review of the Code reveals that it does not preclude amendments to the petition prior to the hearing on its validity.

Sections 7—1—2 through 7—1—4 of the Code describe the annexation process before consideration by the corporate authorities of the annexing municipality. Section 7—1—2 states in relevant part:

"A written petition signed by the majority of the owners of record of land in such territory, and also by a majority of electors, if any, residing in such territory, shall be filed with the circuit court clerk of the county in which the territory is located ***. The petition or ordinance, as the case may be, shall request *** that the circuit court of the specified county submit the question of the annexation to the corporate authorities of the annexing municipality or to the electors of the unincorporated territory, as the case may be." (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2.)

Section 7—1—2 also informs petitioners of the notice requirements. Nowhere in this section, however, is it required that an affidavit be attached to the petition prior to the hearing on the petition's validity.

Moreover, the failure to attach an affidavit, or attaching a defective affidavit, to an annexation petition does not constitute a basis for an objection to the petition under the Code. Section 7—1—3 of the Code requires that not less than five days prior to the hearing, objectors must file their objections with the court. Pursuant to section 7—

1—3, these objections include:

"(1) that the territory described in the petition or ordinance, as the case may be, is not contiguous to the annexing municipality, (2) that the petition is not signed by the requisite number of electors or property owners of record, (3) that the description of the territory contained in the petition or ordinance, as the case may be, is inadequate, or (4) that the objector's land is located on the perimeter of such territory, that he does not desire annexation, and that exclusion of his land will not destroy the contiguity of such described property with the annexing municipality." (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—3.)

Therefore, the fact that the affidavit was unsigned did not fall within one of the objections which allows for the dismissal of the petition.

Section 7—1—4 of the Code first mentions the necessity of an affidavit to be considered at the hearing. Section 7—1—4 provides in relevant part:

"The cause shall be heard without further pleadings. ***

*** Thereafter upon this hearing the only matter for determination shall be the validity of the annexation petition or ordinance, as the case may be, and the decision of the court shall be final. All petitions shall be supported by an affidavit of one or more of the petitioners, or some one on their behalf, that the signatures on the petition represent a majority of the property owners of record of land in the territory described and a majority of the electors of the territory therein described. Petitions so verified shall be accepted as prima facie evidence of such facts." (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—4.)

Our reading of this statute indicates that the affidavit does not come into play until the hearing on the petition's validity and that, therefore, an affidavit may be filed anytime prior to the hearing on the validity of the annexation petition. This interpretation is consistent with our decision in *In re Annexation to Downers Grove* (1974), 22 Ill. App. 3d 122, 127, 316 N.E.2d 804.

In *Downers Grove* a petition for annexation had been filed in the circuit court without any section 7—1—4 affidavit attached to it. Subsequent to the filing of the petition, but prior to the hearing on the validity of the petition, petitioners filed the affidavit. Objectors (city of Darien) asserted that the petition for annexation was invalid because the supporting affidavit was false "for stating that the signatures on the petition represented the owners of record of more than 50% of land in the territory described." This court stated:

"[This] assertion is founded upon an interpretation that section

7—1—4 requires the initial petition, filed under section 7—1—2, to be supported by an affidavit to the effect that more than 50% of the owners of record of the land sought to be annexed have signed the petition. This is not true. *** Section 7—1—2 does not require the petition to be accompanied by an affidavit. Ill. Rev. Stat. 1971, ch. 24, par. 7—1—2.

The first mention of an affidavit occurs in section 7—1—4 which prescribes that the circuit court conduct a two-phase hearing ***. *** [I]t is during the second phase of the proceeding that the court determines the validity of the petition ***. It is at this time that the affidavit, if it is to be considered as *prima facie* evidence, must state that the signatures on the petition represent a majority of the property owners of record, the owners of record of more than 50% of land in the territory described and a majority of the electors of that territory." (*In re Annexation to Downers Grove* (1974), 22 Ill. App. 3d 122, 126-27, 316 N.E.2d 804.)

Thus, according to this court's determination in *Downer's Grove*, petitioners in the instant case were not required to attach an affidavit to their petition at the time of filing, but needed only to file it sometime prior to the hearing. Petitioners did, upon discovery of the clerical defect in the first affidavit, file an amended affidavit prior to the hearing, thereby abiding by the proper procedure for placing the affidavit before the court, as set forth in section 7—1—4. Since it is proper to file an annexation petition without an accompanying affidavit, it appears equally proper to allow a petitioner who has inadvertently attached an unsigned affidavit to the petition at the time of its filing to be able to amend that affidavit prior to the hearing on the petition. Moreover, we conclude that such an amendment is not precluded by statute.

■■ Having decided that an amendment of the affidavit would not have been precluded by statute, we consider whether the trial court abused its discretion in not allowing petitioners to amend their affidavit and in dismissing the petition. The decision whether to allow an amendment to the pleadings lies within the sound discretion of the trial court, and its decision will not be disturbed absent a showing of abuse of that discretion. (*Schenker v. Chicago Title & Trust Co.* (1984), 128 Ill. App. 3d 488, 491, 470 N.E.2d 1264.) While permission is to be liberally allowed, the trial court has discretion to deny leave to amend. (*Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 882, 417 N.E.2d 134.) The test for determining whether the trial court's discretion was properly exercised is whether allowance of the amendment

furthers the ends of justice. *Pietka v. Chelco Corp.* (1982), 107 Ill. App. 3d 544, 556, 437 N.E.2d 872.

In the instant case, we conclude that the trial court abused its discretion when it refused petitioners' request to submit a signed affidavit. The purpose of the affidavit is to aver that the proper number of record owners signed the petition. If the number of signatures was inadequate, respondent could have objected, and the petition would have been dismissed pursuant to section 7—1—3. Here, respondent did not raise any objection to the number of signatures included in the petition, nor was there any indication that the petition was deficient in this regard. Thus, respondent was not prejudiced or surprised by the filing of a corrected affidavit. Petitioners also complied with other statutory requirements, *i.e.*, respondent received appropriate notification of the hearing and the territory to be annexed was adequately described. In the interests of justice, petitioners should have been allowed to amend their affidavit.

Respondent's reliance on *In re Annexation to Crest Hill* (1975), 26 Ill. App. 3d 99, 103, 324 N.E.2d 461, is misplaced. In *Crest Hill*, the petitioners' attorney admitted in open court that the petition was not signed by the majority of the property owners of record, although the supporting affidavit recited that the petition was signed by a majority. The court found that the affidavit did not meet the statutory requirements that it constitute *prima facie* evidence that the petition was signed by the necessary number of property owners, and, therefore, the affidavit was legally insufficient. Based on this insufficiency and the fact that the petition was not signed by a majority of the property owners, the court dismissed the petition. In the instant case, the original affidavit may have not been sufficient for lack of a signature, but there was no material defect in the petition, as in *Crest Hill*. If petitioners had been allowed to file an amended affidavit, signed by the affiant, the court, unlike the *Crest Hill* court, would have found the petition valid.

Similarly, respondent cites *In re Annexation to Village of Green Oaks* (1971), 1 Ill. App. 3d 773, 275 N.E.2d 462, as authority for its proposition that the affidavit should not have been amended. In *Green Oaks* the court refused to allow petitioners to amend their petition by adding property, not included in the original petition, after the petition had been filed and statutory notice had been published. However, this amendment to permit the late addition of property, as petitioners point out, bears no relationship to the petitioners' request, in the case at bar, to amend their petition due to a clerical error on the affidavit. Here, the petition itself was adequate so the subsequent admission of

an amended affidavit prior to the hearing should have been accepted.

■ Respondent further argues that section 2—616(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a)), which allows amendments to pleadings, does not apply to annexation proceedings. We disagree. In fact, we have previously said that the Code of Civil Procedure permits amendments in annexation and disconnection cases and that it will control in those matters of procedure wherein the statute in question is silent. *In re Disconnection of Territory from Village of Machesney Park* (1984), 122 Ill. App. 3d 960, 969, 461 N.E.2d 1019.

Section 1—108(b) of the Code of Civil Procedure indicates:

"In proceedings in which the procedure is regulated by statutes other than those contained in this Act, such other statutes control to the extent to which they regulate procedure but Article II of this Act applies to matters of procedure not regulated by such other statutes." (Ill. Rev. Stat. 1985, ch. 110, par. 1—108(b).)

In annexation proceedings, the Illinois Municipal Code regulates the procedure to amend to only a limited extent. It allows the petition to be amended when a property owner objects to his property being included in the petition. It also states that no further pleadings are accepted at the time of the hearing. Here, petitioners' attempt to correct a clerical error by substituting a signed affidavit for the unsigned affidavit attached to the petition was not in the nature of offering any further pleadings.

As to all other matters of amendment, such as correcting the technical defect existing in the instant case, the Illinois Municipal Code is silent and section 2—616(a) of the Illinois Code of Civil Procedure, which generally allows for amendments to pleadings at any time before final judgment, applies. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a).) We conclude that the trial court erred in denying petitioners' motion to amend its petition.

For the foregoing reasons, the trial court's decision is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

DUNN and REINHARD, JJ., concur.