TRANS WORLD AIRLINES, INC., Plaintiff and Counterdefendant-Appellee, v. MARTIN AUTOMATIC, INC., Defendant and Counterplaintiff-Appellant.

Second District No. 2—90—1108

Opinion filed July 12, 1991.

Daniel S. Goldman, of Jenner & Block, of Chicago (Joel T. Pelz, of counsel), for appellant.

Richard K. Van Evera, of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, and Alan E. Lapidus, of Vedder, Price, Kaufman & Kammholz, of Chicago (Diane M. Kehl, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant/counterplaintiff, Martin Automatic, Inc. (Martin), appeals from the trial court's dismissal of Martin's counterclaim and first amended counterclaim and the court's denial of Martin's motion to file a second amended counterclaim. We affirm.

In March 1984, plaintiff, Trans World Airlines, Inc. (TWA), filed a one-count complaint against Martin, seeking payment of approximately $50,500 plus interest and attorney fees for travel expenses incurred but unpaid by Martin. In May, Martin filed a counterclaim with one count sounding in breach of contract and three counts sounding in tort. The tort counts were dismissed in September 1984. Martin filed its first amended counterclaim in July 1987, alleging one count of breach of contract and one count of tortious interference. The tort count was dismissed in November 1987. Martin moved in March 1990 for leave to file a second amended counterclaim; this motion was denied. TWA and Martin entered a settlement agreement regarding TWA's complaint and Martin's breach of contract counterclaim; the claims were dismissed, and a final judgment was entered in September 1990. This appeal, concerning only the dismissed tort counts and denial of leave to file a second amended counterclaim, followed.

Martin first contends that the court erred in dismissing the tort counts of its original counterclaim. These counts alleged tortious interference with employment contracts (count II), tortious interference with business relationships and economic expectations

(count III), and tortious inducement of breach of fiduciary duty (count IV). However, counts III and IV are not properly before this court. The filing of an amended complaint waives any objection to the dismissal of an original complaint. (*Perkins v. Collette* (1989), 179 Ill. App. 3d 852, 856.) By filing its first amended counterclaim without realleging the stricken counts III and IV, Martin waived its objection to the court's dismissal of those counts. We will, therefore, not consider this contention.

Martin next contends that the court erred in dismissing count II of Martin's first amended counterclaim. That count was labeled "Tortious Interference" and alleged that TWA interfered with Martin's employee relationships. The trial court dismissed the count, stating:

"I believe there are conclusions in the counterclaim that would raise this question of intentional tort but I don't believe there's [*sic*] sufficient facts alleged to plead it. There's no allegation [of] fact in my opinion in Count II that there existed any intentional complicity between TWA and Mr. Martin's employees to cheat the employer or that TWA ever intentionally solicited the disloyalty of the employees. At best, the only allegation is, I believe, that TWA offered a bonus program in such a manner that it created a climate in which dishonest employees might be able to use it to cheat their employers."

Martin now argues that count II stated a claim upon which relief could be granted. We disagree.

■■ To state a cause of action, a complaint must contain factual allegations of every fact that must be proved in order for plaintiff to be entitled to a judgment. (*Madonna v. Giacobbe* (1989), 190 Ill. App. 3d 859, 865.) Even though pleadings are to be liberally construed, any deficiencies in factual averments will not be cured through such construction. (*Madonna*, 190 Ill. App. 3d at 865.) In count II, Martin alleged that its employees had implied-at-law contracts with Martin and that the employees owed Martin a common-law fiduciary duty and a duty to deal with Martin in a fair and good-faith manner. Martin then alleged that TWA induced Martin employees to breach their duties by marketing its Frequent Flight Bonus program (a program in which TWA customers received free trips and other incentives based upon miles flown on the airline) in such a way as to encourage employees to travel in an inefficient manner so as to accumulate more miles flown and, thus, greater prizes. Specifically, Martin alleged that its internal rules required

any mileage credits or prizes received by Martin's employees for travel on Martin's business be used only as directed by Martin. Martin charged that TWA encouraged Martin employees to violate this rule by (1) advising participants in the program to use their home addresses for any program purposes; (2) prohibiting the transfer of awards to nonrelatives; (3) prohibiting separate accounts (for business and personal use) for an individual; (4) refusing to allow corporations to enroll in the program; and (5) refusing to inform Martin about mileage credits earned as a result of air travel charged to Martin's account. The complaint alleged that at least one Martin employee had already failed to comply with the duties alleged to be owed to Martin. Furthermore, Martin alleged that TWA knew, based on its own research, that a significant number of program participants would travel inefficiently in order to increase their own mileage credits.

 █ Martin does not provide us with the elements to be proved in a claim of tortious interference with employee relations. The closest test supplied by Martin is the list of elements to be proved in a suit alleging tortious interference with contractual rights. As Martin's amended counterclaim in essence argues interference with Martin's contracts with its employees, we shall use the elements of that tort, which are:

> "(1) the existence of a valid, enforceable contract between plaintiff and another; (2) defendant's awareness of this contractual relationship; (3) intentional and unjustified inducement by defendant of a breach of the contract; (4) a breach of the contract as a result of defendant's wrongful acts; and (5) resultant damage to plaintiff." (*Madonna*, 190 Ill. App. 3d 867-68.)

Martin has successfully alleged the existence of a contract and some damage. However, we conclude that Martin has failed to plead properly the remaining elements of the cause of action. Martin makes the bald assertion that TWA knew that individuals charging tickets were Martin employees and that some of those employees were enrolled in the Frequent Flight Bonus program. However, this allegation is merely a conclusion, not a fact. Martin never alleges how TWA would ever know which people were both Martin employees and program members. Martin employees purchased their airline tickets through a TWA program called the "Universal Air Travel Plan Subscribers Contract." Through this program, Martin employees could charge air travel on TWA and other airlines. This program was handled separately from the frequent flier program,

which does not award points based on the method of payment, but on the passenger's use of the ticket. Furthermore, no facts were alleged that TWA knew of Martin's internal rule regarding usage of bonus point awards. Martin has also failed to allege intentional or unjustified inducement by TWA of a breach of contract. Martin alleged that the rules of the program encouraged breaches by its employees. However, Martin merely lists several program rules and makes conclusory remarks as to why TWA promulgated the rules. These rules may also have legitimate business purposes for TWA; the inferences that Martin draws from these allegations are not reasonably drawn. Finally, Martin has failed to allege that any breach by Martin employees was caused by TWA. Martin merely alleged that an employee violated Martin's internal rules regarding air travel. Martin has not tied the alleged violations of its internal rules to TWA. Because Martin failed to plead facts supporting each element of the cause of action, the trial court did not err in dismissing count II of the first amended counterclaim.

Martin finally alleges that the court erred when it denied Martin's motion for leave to file a second amended counterclaim. We disagree.

Martin filed this motion on March 15, 1990, approximately six years after the initial complaint was filed and approximately three years after it filed its first amended counterclaim. The second amended counterclaim, if filed, would have alleged commercial bribery pursuant to section 29A–1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 29A–1) and violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*). The trial court determined that the second amended complaint alleged "no additional or different facts," failed to plead the elements of the theories proposed therein, and was "inappropriate" at that stage of the trial (*i.e.*, almost six years after the original complaint and "near the eve of trial"). The court, therefore, denied leave to file.

■■ ■ The decision whether to allow a party to amend its pleadings is within the sound discretion of the trial court; such a decision will not be disturbed without a showing of an abuse of that discretion. (*In re Annexation of Certain Territory to the Village of Wadsworth* (1987), 154 Ill. App. 3d 54, 58.) The right to amend pleadings is not absolute, and the timeliness of such a request may be considered by the court in its discretion. (*Hall v. Northwestern University Medical Clinics* (1987), 152 Ill. App. 3d 716, 722.) The court should exercise its power to permit amendment with a view

toward allowing a party to present fully his causes of action. (*Hall*, 152 Ill. App. 3d at 722.) Ordinarily, amendment should not be allowed where the matters asserted were known by the moving party at the time the original pleading was drafted and for which no excuse is offered in explanation of the initial failure. (*Hall*, 152 Ill. App. 3d at 723.) The test to be applied in determining whether the trial court's discretion was properly exercised is whether allowance of the amendment furthers the ends of justice. *In re Annexation*, 154 Ill. App. 3d at 58-59.

In the case before us, Martin attempted to file its second amended counterclaim six years after it first filed a counterclaim. Martin's allegation of a civil cause of action under the criminal commercial bribery statute, as specious and unsupported as it is, was available to Martin since the inception of this case. Martin has not offered, and cannot offer, any excuse for waiting six years to make this allegation. Additionally, Martin's excuse for the timing of its consumer fraud allegation is without merit. Martin argues that it could only allege this violation after the General Assembly amended the Act, effective January 1, 1990, to eliminate the requirement that a public injury be pleaded in any case arising under the Act. However, it has long been recognized by Illinois courts that no allegation of public injury was required in actions under the Act. (See, *e.g.*, *Duncavage v. Allen* (1986), 147 Ill. App. 3d 88, 102.) The one excuse given by Martin for its delay is invalid. In the absence of any valid reasons for delay, we conclude that the court did not abuse its discretion in denying Martin's motion to file the second amended counterclaim.

For these reasons, the orders of the circuit court of Winnebago County are affirmed.

Affirmed.

DUNN and NICKELS, JJ., concur.